UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

HORIZON SPECIALTY HOSPITAL – EL PASO:
2301 N. Oregon Street
El Paso, TX  79902                          :
                                            :
                                            :
        Plaintiff,                          :
                                            :
    v.                                      :
                                            :
Michael O. Leavitt, in his official capacity : CASE NUMBER:
As Secretary of the U.S. Department of      :
Health And Human Services,                  :
c/o General Counsel                         :
Department of Health and Human Services     : Statutory Appeal pursuant to
200 Independence Avenue, S.W.               : 42 U.S.C. § 1395oo(f) from
Washington, D.C. 20201                      : final decision of the Provider
                                            : Reimbursement Review
        Defendant.                          : Board (PRRB)

COMPLAINT

JURISDICTION AND VENUE

1.    This matter seeks judicial review of a final determination of the Provider

Reimbursement Review Board (PRRB), pursuant to 42 U.S.C. § 1395oo(f), with

respect to reimbursement of a skilled nursing facility participating as a provider in

the Medicare Program. Jurisdiction is vested this U.S. District Court pursuant to

42 U.S.C. § 1395oo(f)(1) and 28 U.S.C. §§ 1331 and 1346.  Venue is proper in

this District pursuant to 42 U.S.C. § 1395oo(f)(1).


PARTIES

2.    Horizon Specialty Hospital-El Paso, Plaintiff, is a provider in the Medicare

Program operated by the United States of America and administered by the

Secretary of the U.S. Department of Health and Human Services through the

Centers for Medicare & Medicaid Services (CMS).

3.     Michael O. Leavitt, Defendant, is the Secretary of the U.S. Department of Health

and Human Services and is sued in his official capacity only, as the official whose

final action is represented by the decision of the PRRB.


## FACTUAL ALLEGATIONS

4.     The Provider filed an appeal of a final determination issued on October 6, 2006

on April 4, 2007 (hereinafter "April 4 Appeal").

5.     The Board acknowledged receipt of this Appeal on April 9, 2007 and

incorporated the appeal into an already functionally dismissed matter involving

the same fiscal year docketed at Case Number 07-0442. The original Appeal was

filed on December 5, 2006 (hereinafter "December 5 Appeal"). A true and correct

copy of the Board's April 9, 2007 notice is attached hereto as Exhibit "1."

6.      In the Board's April 9, 2007 notice, the Board stated:

> …if you have filed position papers in the initial appeal, you must file a
> supplemental position paper for the issue(s) not addressed in the
> subsequent appeal request.  The supplemental position paper must be filed
> by the provider within 30 days of the date of this letter…

7.     The Provider filed its preliminary position paper with respect to the issues

involved in its April 4, 2007 Appeal, on April 17, 2007.  The position paper was

included as part of a preliminary position paper covering all of the issues in the

two (2) appeals for the fiscal year. A true and correct copy of the preliminary

position paper filed in this matter is attached hereto as Exhibit "2."

8.      In addition a true and correct copy of the April 4 Appeal is attached hereto at
        Exhibit "3" in order to reference Section B of the Preliminary Position Paper with
        the subject matter of the April 4 Appeal.

9.      On April 19, 2007, the Board advised the Provider that it had dismissed the entire
        appeal at Case No. 07-0442 because the provider failed to meet the April 1, 2007
        deadline for filing the preliminary position paper for the original December 5
        Appeal as established in the Board's initial notice for that case number. A true
        and correct copy of the April 19, 2007 letter from the Board is attached hereto as
        Exhibit "4."

10.     The April 19, 2007 dismissal notice is in error as to the Provider's April 4, 2007
        appeal, since the preliminary position paper as to the issues in that appeal were
        filed with the Board within the time stated in the Board's April 9, 2007 notice as
        cited above. *See,* Exhibit "1."

11.     The Provider was not afforded due process with regard to its April 4, 2007 Appeal
        docketed as Case No. 07-0442. Pursuant to the April 9, 2007 letter from the
        Board, the April 4 Appeal was to be consolidated with the December 5 Appeal
        under the same docket number and the Provider was to be given 30 days to file a
        preliminary position paper. However, such a consolidation had the effect of
        instantly dismissing the April 4 Appeal. This is the case because by the terms of
        the Board's own rules, the December 5 Appeal was considered functionally
        dismissed if a preliminary position paper was not filed by April 1. *See*, the true
        and correct copy of the December 18, 2006 letter from the Board setting critical
        due dates in the December 5 Appeal attached hereto as Exhibit "5."

12.     With regard to the critical due dates established in the December 18 letter, the Provider did not receive the documents it had formally requested on January 11, 2007 through the Board's discovery procedure until late March 2007. A true and correct copy of the Provider's January 11, 2007 discovery requests are attached hereto as Exhibit "6." The late submission gave the provider little time to review the documents relative to the December 5 Appeal prior to the April 1 deadline for filing its preliminary position paper.

13.     However, despite the tight deadlines, the Provider was able to review the documents and decided that the December 5 Appeal was no longer worth pursuing. Therefore, the Provider availed itself of the Board's own rules which would automatically dismiss the Appeal on April 1, 2007 should no preliminary position paper be filed. *See*, Exhibit "5."

14.     Furthermore, once the Provider received the April 9 letter, it realized that the two Appeals were being improperly tied to each other, and, accordingly, the Provider filed a preliminary position paper relating to both the December 5 Appeal and the April 4 Appeal to protect its rights in accordance with the April 9 letter from the Board. The Provider agrees with the dismissal of the December 5 Appeal and this was the intention of the Provider in not filing a preliminary position paper by April 1. Accordingly, the Provider would respectfully suggest that the December 5 Appeal continue to be considered dismissed but would ask that the April 4 Appeal be severed from it and continue in its own right.

## CAUSE OF ACTION

15.    A decision of the PRRB dismissing the Provider's appeals was entered on
April 19, 2007, a true and correct copy thereof is attached hereto as
Exhibit "4" and incorporated by reference.

16.    Plaintiff has not requested the CMS Administrator to review the PRRB
decision.

17.    Plaintiff filed a request for reinstatement and reopening with the PRRB on
April 30, 2007; however, Plaintiff has not received any response or ruling
from the PRRB with respect to that request to date and is required to file
this Complaint as a protective appeal because of the statute of limitations
for perfecting this appeal and the lack of any time limit for the Board to
determine Plaintiff's request for reinstatement and reopening.

18.    Pursuant to 42 U.S.C. § 1395oo(f) and 42 CFR § 405.1877(b), a provider
may seek judicial review of a final determination of the PRRB within sixty
(60) days of receipt of a final decision of the Board; and, this matter is
being filed within the time permitted.

19.    The final determination of the PRRB was based on the written record and
on no live testimony before the Board.

20.    Plaintiff alleges that the PRRB decision is arbitrary, capricious, an abuse
of discretion, and denied the Provider due process of law or otherwise not
in accordance with law; and, in addition, that it is not supported by
substantial evidence.

WHEREFORE, Plaintiff requests this Honorable Court to REVERSE the PRRB decision in part by severing the April 4 Appeal from the dismissal of the December 5 Appeal and REMAND the April 4 Appeal for a hearing on the merits.


Respectfully submitted,


_____
Louis J. Capozzi, Jr., Esquire
CAPOZZI AND ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
FAX        : [717] 233-4103
[Attorneys for HSH-El Paso, Plaintiff]


DATE: 6/14/07

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Horizon Specialty Hospital - El Paso<br>2301 N. Oregon St., El Paso, TX 79902 | Michael O. Leavit, in his official capacity as Secretary of the U.S. Department of Health and Human Services |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF El Paso County<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Louis J. Capozzi, Jr., Esquire<br>Capozzi & Associates, P.C.<br>2933 North Front Street<br>Harrisburg, PA 17110 | General Counsel<br>Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ● C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ■ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | | |
|---|---|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

● 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. §1395oo(f)(1); 28 U.S.C. §§1331 and 1346. Judicial Review of Final Determination of the Provider Reimbursement Review Board

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 114,000 | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND: | YES ☐    NO ☒ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 6/14/07    SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

<u>**CERTIFIED MAIL**</u>    APR 0 9 2007

Refer to: 07-0442

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110-1250

RE: Horizon Specialty Hospital El Paso
    Provider No.: 45-2035
    FYE - 12/31/1997

Dear Donald R. Reavey, Esquire:

The Provider Reimbursement Review Board (the Board) received your letter dated April 4, 2007, seeking to appeal the final determination issued on October 6, 2006. The Board has incorporated this appeal into case number 07-0442 an appeal based on an earlier determination for the same fiscal year, currently at the Board.

The Parties are reminded that position papers must cover all issues in dispute. The position papers should be divided into sections. Each section must identify the issues to the appropriate final determination. Note that each final determination must separately meet the requirements for hearing found at 42 C.F.R. Sections 405.1835, 405.1839 and 405.1841. Any issue not addressed in a position paper will be dismissed from the appeal. Therefore, if you have filed position papers in the initial appeal, you must file a supplemental position paper for the issue(s) not addressed in the subsequent appeal request. The supplemental position paper must be filed by the provider within 30 days of the date of this letter and by the Intermediary within 60 days of the date of this letter.

Sincerely,

*Steven R. Kirsh*

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:  Trailblazer Health Enterprises, LLC
     Cynthia Potter
     Manager, Cost Report Appeals
     Medicare Part A Audit & Reimbursement
     P.O. Box 660263
     Dallas, TX 75266

     Wilson C. Leong
     BC & BS Association
     225 North Michigan Avenue
     Chicago, IL 60601-7680 0263



RECEIVED
APR 11 2007



EXHIBIT
\\ | \\

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Dorecna C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
* (licensed in PA, NJ and MD)



**Capozzi & Associates, P.C.**
*Attorneys at Law*

April 17, 2007

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

Steven R. Kirsh, Director
Jurisdiction and Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21207-8712

Re:    **STATEMENT CERTIFYING TRANSMITTAL OF PRELIMINARY**
         **POSITION PAPER**
         **Horizon Specialty Hospital El Paso**
         **Provider Number 45-2035**
         **Case Number 07-0442 (FYE: 12/31/1997)**

Dear Mr. Kirsh:

        This certifies that a copy of the Provider's Preliminary Position Paper was transmitted to the parties by first class, pre-paid U.S. Mail, addressed as follows, in order to conform with preliminary position paper due date established by the Board:

**Cynthia Potter, Manager**               **Wilson C. Leong**
Trailblazer Health Enterprises LLC         Blue Cross/Blue Shield Association
Medicare Part A Audit & Reimbursement      225 North Michigan Avenue
P.O. Box 660263                            Chicago, IL 60601-7680
Dallas, Texas 75266

        Pursuant to the Board's Instructions, enclosed herewith please find the first page only of Provider's Preliminary Position Paper.

                        _Bon K. Walley Jr._
                        Donald R. Reavey, Esquire
                        CAPOZZI AND ASSOCIATES, P.C.
                        2933 North Front Street
                        Harrisburg, PA 17110-1250
                        Telephone: [717] 233-4101
                        FAX      : [717] 233-4103

                        [Attorneys for Provider]

DATE: April 17, 2007

**EXHIBIT**
tabbies "2"

BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD

CASE NO. 07-0442

HORIZON SPECIALTY HOSPTIAL EL PASO (FYE 12/31/1997)
Provider No. 45-2035

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

**PROVIDER'S PRELIMINARY POSITION PAPER**

Submitted by:  Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE:  April 17, 2007

## BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD

### CASE NO. 07-0442

### HORIZON SPECIALTY HOSPTIAL EL PASO (FYE 12/31/1997)
### Provider No. 45-2035

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

### PROVIDER'S PRELIMINARY POSITION PAPER

Submitted by:  Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE:  April 17, 2007

## I.     ISSUES AND ADJUSTMENTS IN DISPUTE

Issue No. 1:          WHETHER THE INTERMEDIARY'S
                      REVISED NPR'S ISSUED June 13, 2006 and
                      October 6, 2006 are timely?


Amounts at Issue:     October 6, 2006     -     $114,000
                      June 13, 2006       -     $ 67,030


## II.     PROVIDER'S POSITION

### Section A - AS TO REVISED NPR OF June 13, 2006

**Issue No. 1:          Amount at Issue = $67,030**

There is no dispute in these matters that the original NPR was issued for FYE 12/31/1997 on March 29, 2000 or that the revised NPR's were issued in 2006, more than six (6) years later. There is no dispute that no Notice of Reopening was issued as to the determination of October 6, 2006.

The determination of June 13, 2006 is based on a Notice of Reopening alleged to be dated February 5, 2003, which would be within three years of the NPR of March 28, 2000. However, the determination of the Request for Reopening was not made until April 27, 2006, when the Intermediary determined that the adjustments involved in the Request for Reopening were material and therefore that reopening was necessary (A copy of this determination is attached to the Request for Hearing). Since April 27, 2006 was more than three (3) years after the original March 29, 2000 NPR date, the reopening was untimely. PRM-1 § 2932(A) and related CMS policies require a Notice of Reopening to include information on why reopening is necessary, with an opportunity to comment, object, or submit evidence in rebuttal. There could not be a sufficient Notice of Reopening issued in this matter until such time as the Intermediary made its determination on April 27, 2006 that the reopening was necessary and thereafter offered the Provider the opportunity required by law to comment, object, or submit evidence in rebuttal. Since the only Notice that complies with the requirements of PRM-1 § 2932(A) and CMS policy was issued more than three (3) years after the original NPR, the reopening is untimely and should be vacated.

In addition, we are advised by a former intermediary audit director that CMS policy in effect during the periods at issue precluded the issuance of a revised NPR more than three (3) years after a Notice of Reopening. Since there is no dispute that the Revised NPR was issued more than three (3) years after the alleged February 5, 2003 Notice, the Revised NPR was issued contrary to CMS policy and should be vacated.

### Section B – As to Revised Determination of October 6, 2006

**Issue No. 1:**          **Amount at Issue = $114,000**

There is no dispute in these matters that the original NPR was issued for FYE 12/31/1997 on March 29, 2000 or that the revised determination was issued in 2006, more than six (6) years later. There is no dispute that no Notice of Reopening was issued as to the determination of October 6, 2006 or that October 6, 2006 is more than three (3) years after March 29, 2000. PRM-1 § 2932(A) and related CMS policies require a Notice of Reopening to include information on why reopening is necessary, with an opportunity to comment, object, or submit evidence in rebuttal. No such Notice has been issued or is claimed here.

In addition, we are advised by a former intermediary Medicare audit and reimbursement director that CMS policy in effect during the periods at issue precluded the issuance of a revised NPR more than three (3) years after a Notice of Reopening and required the recoupment of overpayments determined in a prior NPR prior to the expiration of six (6) years from the date of the original NPR.

The Provider has not received discovery from the Intermediary on the basis for the Intermediary's assertion that the amount at issue was not previously recouped and that the amount at issue remains unpaid.

**III.    EXHIBITS:**

| | |
|---|---|
| P-1 | PRM-1 § 2132(A) |
| P-2 | June 13, 2006 Revised NPR with determination of April 27, 2006 attached |
| P-3 | October 6, 2006 Determination of Unpaid Overpayment (Attached to the Appeal) |

**WHEREFORE,** the Provider requests that the adjustments be vacated as untimely.

Respectfully submitted,
**CAPOZZI & ASSOCIATES, P.C.**

Date: April 17, 2007

By: _____
Donald R. Reavey, Esquire
PA Attorney ID No. 82498
2933 North Front Street
Harrisburg, PA 17110
(717) 233-4101
Fax (717) 233-4103

PROVIDER PAYMENT
2932                  DETERMINATIONS AND APPEALS PROCEDURES                    02-85

Final determinations will not be reopened simply because a different view is taken with respect to the import of the evidence upon which the determination was made. The same criteria apply, of course, to the reopening of a decision of a hearing officer, the PRRB or the Secretary.

2932.    NOTICES (INCLUDING NOTICES OF REFUSAL) RELATED TO REOPENING
         AND CORRECTION.

A.    Requirements of the Notice.--When any determination or decision is reopened as provided in §2931 or it is decided not to reopen, notice of such reopening (or refusal to reopen--see §2931.1 below) will be mailed to the provider or other parties to the determination or decision at their last known address. The notice of reopening will be issued by the intermediary, intermediary hearing officer, the PRRB, or the Secretary making the reopening as required by §2931.1. The provider or other party will be advised in the notice as to the circumstances surrounding the reopening, i.e., why it was necessary to take such action, and the opportunity to comment, object, or submit evidence in rebuttal. Where a decision is to be reopened by a hearing officer, PRRB or the Secretary, the hearing officer, PRRB or Secretary may in his discretion hold a hearing to receive additional evidence and any oral testimony thereon of the provider or other party.

When a correction is made in a determination or decision following the reopening, a notice of correction will be similarly mailed and addressed. The notice will bear the legend "Notice of Correction-Program Reimbursement" if required to be issued by the intermediary on a determination, and "Notice of Correction-Hearing Decision" if required to be issued by the intermediary, intermediary hearing officer, PRRB or Secretary on a decision, and will refer to the previous program payment notice or hearing decision, respectively. It should also advise that the provider has a right to a hearing where the amount of program payment is corrected.

The correction notice will explain the basis of the correction with as much of the detail as is required in the case of the notice of amount of program reimbursement (§§2906) or hearing officer decision. (See §2916.)

If, after a notice of reopening had been issued, it is determined that no correction is warranted, the provider or other party will be notified accordingly. (See §2932.1.)

B.    Effect of a Correction.--Where a correction is made by an intermediary in a determination on the amount of program payment which it has reopened, such correction shall be considered a separate and distinct determination to which the hearing provisions of this chapter apply; i.e., if as a result of the correction there is a sufficient amount of title XVIII program payment in dispute, the provider or other entity has a right to a hearing on such correction if it files a request for one within 180-calendar days of the date of the notice of correction (but see the exception discussed below).



29-82                                                                        Rev. 321



CENTERS for MEDICARE & MEDICAID SERVICES

June 13, 2006

452035;675106

Mr. Mitchell Rossi, Director of Reimbursement
Horizon Specialty Hospital El Paso
910 Ridgebrook Road
Sparks, MD 21152

SUBJECT:          MEDICARE COST REPORT
                  YEAR OR PERIOD ENDING 12/31/97
                  NOTICE OF PROGRAM REIMBURSEMENT 03/29/00
                  DATE OF NOTICE OF REOPENING 02/05/03

Dear Mr. Rossi:

In accordance with 42 CFR 405.1803, this is your Revised Notice of Medicare Program
Reimbursement (RNPR) for the fiscal year referenced above.

Please be informed that the Intermediary Determination communicated by this RNPR may be
revised in accordance with 42 CFR 405.1885.

The adjustments to this cost report which produce a difference between the Intermediary's
determination and your initial cost report are explained on the attached adjustment report. If you
have any questions concerning the nature of these adjustments and the reasons for them, please
contact this office.

If this RNPR results in an amount due the program, a separate billing letter will be sent. If you
are unable to refund the full amount within the date specified in the billing letter, you may
request that we consider a repayment plan by submitting the required data and documentation. If
we do not receive full payment or approve a repayment plan by the due date, we must reduce or
suspend your Medicare payments until the overpayment is recovered or we approve a repayment
plan. The overpayment must be repaid in this manner regardless of any plans to appeal the
adjustments. Payment of this amount will not affect your appeal rights.

Notice of Interest: In accordance with the Social Security Act Section 1815(d) (42 U.S.C. 1395g)
and 1833(j) (42 U.S.C. 13951), interest will be assessed on an overpayment unless payment is
received by the due date. Interest will be assessed for each full 30-day period that full payment
has not been recovered as is stated in 42 CFR 405.378ff. If an overpayment is repaid in
installments, each payment received will be applied first to accrued interest and then to the
principal.

TrailBlazer Health Enterprises, LLC ℠
Medicare Part A Audit & Reimbursement ▪P.O. Box 660263 ▪Dallas, Texas 75266-0263
Executive Center III ▪ 8330 LBJ Freeway ▪ Dallas, Texas ▪75243-1213
A CMS Contracted Intermediary and Carrier

EXHIBIT

P-2

Right to Appeal: You have 180 days from the date of the Notice of Program Reimbursement to formally file an appeal request in writing. We urge you to discuss any questions you may have concerning adjustments to your cost report with this office.

If you disagree with the cost report adjustments which have been made by this office, you have the right to appeal those adjustments. To be acceptable, a request to appeal must: 1) be in writing, 2) specify the individual adjustment items and amounts to which you take exception, 3) state the reasons supporting your position, and 4) cite the Regulations and Manual sections upon which you base your objections. With your request you should also include a copy of the NPR, the adjusted cost report, and the entire adjustment report.

If you disagree with items aggregating $10,000 or more in program reimbursement, your appeal is to the Provider Reimbursement Review Board (PRRB) and your request should be directed in writing to the following address, with a copy to our office, and to the PRRB Coordinator at Blue Cross Blue Shield Association, whose addresses are shown below:

| | |
|---|---|
| Chairman | PRRB Appeals Coordinator |
| Provider Reimbursement Review Board | Blue Cross Blue Shield Association |
| 2520 Lord Baltimore Drive, Suite L | 225 North Michigan Ave. |
| Baltimore, MD 21244-2670 | Chicago, IL 60611 |

For filing information, you may call (410) 786-2671.

Any appeal brought before the PRRB by providers that are under common ownership or control must be filed as a group appeal with respect to any matters involving an issue common to the provider and for which the amount in controversy is in the aggregate, $50,000 or more.

If you disagree with the adjustments aggregating at least $1,000 but less than $10,000, your appeal is to Blue Cross Blue Shield Association (BCBSA) under its Medicare Provider Appeals Procedures and your appeal request should be directed in writing to the following address with a copy to our office.

Intermediary Hearing Officer
Medicare Operations Prime Contract
Blue Cross Blue Shield Association
225 North Michigan Ave.
Chicago, IL 60601

For filing information, you may call Joan Baker at (312) 297-5836. Appeal information and procedures are available on the CMS website at http://www.cms.hhs.gov/providers/prrb/prrb.asp.

If there is a net amount due your facility, our check will be mailed separately to the address where your claim payments are received. The remittance advice will read 'Settlement'. If there is a net amount due the program, your check for the full amount due should be sent immediately. Make your check payable to TrailBlazer Health Enterprises, LLC [SM] and send it to my attention.

Sincerely,

Florence Ng
Home Office Team Director
Provider Audit & Reimbursement Division

FN:bjj

Enclosure

c:  Reopening Coordinator          RPN Control#010836, RPN Code#H
    Files
    SRS

PROVIDER NO. : 45-2035
PROVIDER NAME: HORIZON SPECIALTY HOSPITAL-EL PASO
PREPARED : 6/ 5/2006
FYE : 12/31/1997

SCHEDULE FOR NPR PURPOSES COMPARING INTERMEDIARY'S DETERMINATION TO THE CORRECTED INTERMEDIARY DETERMINATION AMOUNTS:
CMS-2552-96 - REOPENING SETTLEMENT

| COMPONENT | INTERMEDIARY'S DETERMINATION | | | | | | | | |
| | PART A | | | PART B | | | TOTAL | | |
| | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT |
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| HOSPITAL | -70877 | -102566 | -31689 | 0 | 0 | 0 | -70877 | -102566 | -31689 |
| HOSPITAL-BASED SNF | -546549 | -575181 | -28632 | 31753 | 25044 | -6709 | -514796 | -550137 | -35341 |
| TOTAL | -617426 | -677747 | -60321 | 31753 | 25044 | -6709 | -585673 | -652703 | -67030 |

45-2035

| FYE | OVERPAID/REPAYMENT TYPE | OVERPAID/REPAYMENT AMOUNT | DETERM DATE | Balance 12/6/06 | |
|-----|------|------|------|------|------|
| 3/31/1997 | TENTATIVE SETTLEMENT | (\$154,825.00) | 12/13/1997 | \$ | FULLY COLLECTED BY CHECK #1565492 (per ARAP) |
| | FINAL SETTLEMENT | (\$53,512.00) | 8/6/1999 | \$ | FULLY COLLECTED BY CHECK #1362218 (per ARAP) |
| | AMENDED FINAL SETTLEMENT | (\$93,365.00) | 6/16/2006 | \$ | (9,873.00) CURRENT HIGLAS BALANCE \$9,873.00 (partially collected by offset from 3/31/97 2nd amended settlement) (HIGLAS TRX #400000000301 |
| | 2ND AMENDED FINAL SETTLEMENT | \$53,692.00 | 8/1/2006 | \$ | OFFSET TO 1ST AMENDED FINAL SETTLEMENT (HIGLAS TRX # 400000003905) CN 8/2/06 |
| | | | | | |
| 12/31/1997 | INITIAL COST REPORT | (\$471,252.00) | 11/10/1998 | \$ | FULLY COLLECTED BY CHECK #11218 & CLAIMS WITHHOLDINGS (per ARAP) |
| | FINAL SETTLEMENT | (\$114,411.00) | 3/29/2000 | \$ | (114,411.00) FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #040411452035CN) |
| | AMENDED FINAL SETTLEMENT | (\$87,030.00) | 6/13/2006 | \$ | (87,050.00) FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #400000003525) |



EXHIBIT P.3



Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
* (licensed in PA, NJ and MD)

Capozzi & Associates, P.C.
*Attorneys at Law*

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman¹, III Esq.
Dennis A. Roth¹, Esq.
Vincent E. Fisher², Esq.
Craig I. Adler, Esq.
    Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

April 4, 2007

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670                    BY CERTIFIED U.S. MAIL

RE:    REQUEST FOR BOARD HEARING
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Period Ending December 31, 1997
       Our Matter No. 131-06

Dear Mr. Chairman:

       Pursuant to 42 U.S.C. § 1395oo and 42 CFR §§ 405.1835, 405.1841, and on behalf of
Lyric Health Care LLC, the parent company for the Provider, HSH-El Paso (Medicare Provider
No. 45-2035), we are hereby requesting a Board Hearing with respect to the adjustments made
by the Revised Notice of Program Reimbursement issued by email dated October 6, 2006, from
Jeannine R. Lesperance, an attorney with the Civil Division of the U.S. Department of Justice
(copy attached as Exhibit A).  We have enclosed the Letter of Representation from Lyric Health
Care LLC appointing our Firm as their Legal Representative in this matter.

       The amount at issue in this Request for Board Hearing is the entire amount of the
allegedly unpaid overpayment of $114,411, which satisfies the jurisdictional amount required for
a Board Hearing pursuant to 42 U.S.C. § 1395oo(a)(2), and which the email claims in the
spreadsheet attachment is related to a prior determination of March 29, 2000.  We are requesting
a Board Hearing on this alleged overpayment.  We believe that the revised notice is contrary to
law, untimely, not supported by substantial evidence, and inconsistent with the prior proceedings
related to this fiscal period.  We believe that effective CMS policy required this alleged
overpayment to have been collected in 2000 and therefore that the current demand is duplicative
and constitutes a new revised determination subject to the jurisdiction of the Board.



EXHIBIT
tabbies "3"

Chairman, Provider Reimbursement Review Board
RE:    REQUEST FOR BOARD HEARING
              REVISED NOTICE OF PROGRAM REIMBURSEMENT
              HSH-EL PASO (Provider No. 45-2035)
              Fiscal Period Ending December 31, 1997
Our Matter No. 131-06
April 4, 2007
Page Two

A copy of this Request for Board Hearing is also being sent on this same date to the PRRB Appeals Coordinator, Blue Cross Blue Shield Association, 225 North Michigan Avenue, Chicago, IL 60611; and to David Barsam, TrailBlazer Health Enterprises, LLC, Medicare Part A Operations, P.O. Box 660263, Dallas, TX 75266-0263.

        Thank you for your time and attention to this matter. Should you have any questions concerning this matter, please do not hesitate to contact our offices.

                            Respectfully submitted,

                            CAPOZZI & ASSOCIATES, P.C.


                            Donald R. Reavey, Esquire


Attachments.
cc:    Lamar Hopkins
          David Barsam (TrailBlazer)
          PRRB Appeals Coordinator (BCBSA)

2

**Bruce Baron**

| | |
|---|---|
| **From:** | Jeannine.Lesperance@usdoj.gov |
| **Sent:** | Friday, October 06, 2006 3:49 PM |
| **To:** | Don Reavey |
| **Subject:** | overpayments for 1997 |



452035.xls (16 KB)

        attached is a spreadsheet (excel) which shows the total overpayments for 1997
for HSH el-paso, which were collected and which remain outstanding, including the effect
of the prrb settlement.

we think that there was a 12/31/97 cost year and a 3/31/97 cost year because of the change
of ownership from horizon, which would have led them to file a terminating cost report
(probably the 12/31/97) and then the provider also filed its ordinary end of fiscal year
cost report 3/31/97 earlier in the year.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email



EXHIBIT
"A"

**45-2035**

| FYE | OVER/UNDERPAYMENT TYPE | OVER/UNDERPAYMENT AMOUNT | DETERM DATE | Balance 10/6/06 | |
|---|---|---|---|---|---|
| 3/31/1997 | TENTATIVE SETTLEMENT | ($154,825.00) | 12/12/1997 | $ - | FULLY COLLECTED BY CHECK #1053482 (per ARAP) |
| | FINAL SETTLEMENT | ($3,512.00) | 8/6/1999 | $ - | FULLY COLLECTED BY CHECK #1292219 (per ARAP) |
| | AMENDED FINAL SETTLEMENT | ($63,565.00) | 6/16/2006 | $ (9,873.00) | CURRENT HIGLAS BALANCE $9,873.00 (partially collected by offset from 3/31/97 2nd am |
| | 2ND AMENDED FINAL SETTLEMENT | $53,692.00 | 8/1/2006 | $ - | OFFSET TO 1ST AMENDED FINAL SETTLEMENT (HIGLAS TRX # 400000003605) CN # |
| | | | | | |
| 12/31/1997 | INITIAL COST REPORT | ($471,262.00) | 11/10/1998 | $ - | FULLY COLLECTED BY CHECK #111216 & CLAIMS WITHHOLDINGS (per ARAP) |
| | FINAL SETTLEMENT | ($114,411.00) | 3/29/2000 | $ (114,411.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #040041145 2035CN) |
| | AMENDED FINAL SETTLEMENT | ($67,030.00) | 6/13/2006 | $ (67,030.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #400000003520) |



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671              FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

<u>**CERTIFIED MAIL**</u>                                     APR 1 9 2007

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE: Horizon Specialty Hospital El Paso, Provider No. 45-2035, FYE 12/31/1997, Case No. 07-0442

Dear Mr. Reavey:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of April 2007. You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure." Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board. Therefore, the Board hereby closes this case and removes it from the docket.

<u>Board Members:</u>                                     For the Board:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA                              *Yvette C. Hayes*
Anjali Mulchandani-West
Yvette C. Hayes                                        Board Member

cc:   Trailblazer Health Enterprises, LLC
      Cynthia Potter
      Manager, Cost Report Appeals
      Medicare Part A Audit & Reimbursement
      P.O. Box 660263
      Dallas, TX 75266

      Wilson C. Leong
      BC & BS Association
      225 North Michigan Avenue
      Chicago, IL  60601-7680

**EXHIBIT**
"4"



**DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

<u>**CERTIFIED MAIL**</u>

DEC 1 8 2006

DEC 2 1 2006
Kp

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE:   Acknowledgement and Critical Due Dates
      Case Number: 07-0442
      Date Filed: 12/5/2006
      Provider Name: Horizon Specialty Hospital El Paso
      Provider Number: 45-2035
      Appealed Year – FYE: 12/31/1997

The Provider Reimbursement Review Board ("Board") has received your request for a hearing.  You will
need to obtain a copy of the Board's instructions which are located on the Board's web site at
http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp.  If internet access is not available to
you, you may call the Board at (410) 786-2671 and request that a copy be mailed to you.

You must reference the case number and provider information on all correspondence with the Board.
If any of the above information is incorrect, you must inform the Board, in writing, within 30 days of
this letter.

<u>DUE DATES</u>

**1st of April 2007**
Provider's Preliminary Position Papers due to Intermediary (with letter to the Board certifying that
preliminary position paper due date has been met and copy of the first page only of the preliminary
position paper).

**1st of June 2007**
Intermediary's Preliminary Position Papers due to Provider (with letter to the Board certifying that
preliminary position paper due date has been met and copy of the first page only of the preliminary
position paper).

**1st of August 2007**
Final position papers due to the Board from both Parties.

**EXHIBIT**

tabbies "5"

Page 2

## DISMISSALS

You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact the Centers for Medicare and Medicaid Services (CMS) about contract compliance and will schedule a hearing date.

## TENTATIVE HEARING DATE

**December 2007:** Tentative month and year of hearing.

The Board will send you a Notice of Board Hearing to notify you of the specific time, date and location of the hearing. The Notice of Hearing will be issued at least 30 days prior to the actual hearing date.

## OPTIONS

You may make a written request, at any time, that:
Your month of hearing be rescheduled to an earlier month;
Your case be heard based on the submitted record;
Your case be conducted by video or teleconference;
Your case be resolved through alternative dispute resolution/mediation;
Your case be reviewed in a pre-hearing conference with a Board member.

If you request any of these options, you must continue to meet with the due dates set forth in this letter until you are advised regarding your request by the Board.

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:  Trailblazer Health Enterprises, LLC
Cynthia Potter
Manager, Cost Report Appeals
Medicare Part A Audit & Reimbursement
P.O. Box 660263
Dallas, TX 75266

Wilson C. Leong
BC & BS Association
225 North Michigan Avenue
Chicago, IL 60601-7680

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Michael B. Volk, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
  *(licensed in PA, NJ and MD)



Capozzi & Associates, P.C.
Attorneys at law

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
  Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

January 11, 2007

Florence Ng
TrailBlazer Health Enterprises LLC
Executive Center III
8330 LBJ Freeway
Dallas, TX 75243                    BY FAX TO 469-372-7651 AND CERTIFIED U.S MAIL

RE:     REQUESTS FOR DISCOVERY
        REVISED NOTICE OF PROGRAM REIMBURSEMENT
        HSH-EL PASO (Provider No. 45-2035)
        Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
            And March 31, 1995
        PRRB Case Nos. 07-0442, 07-0443, 07-0445, and 07-0446
        Our Matter Nos. 728-06, 729-06, 730-06 and 731-06

Dear Ms. Ng:

       Pursuant to PRRB Board Instructions relating to Pre-Hearing Discovery, this correspondence requests Production of Documents and Items and additional information in these four (4) Revised NPR Reopening appeals. Please provide the requested documents within thirty (30) days as directed by the PRRB instruction. Copies of the following Documents and Items and other information are to be delivered to the Provider's Legal Representative, Donald R. Reavey, Esquire, at Capozzi & Associates, P.C., 2933 North Front Street, Harrisburg, PA 17110-1250:

1.  Each as filed cost report and related home office cost report submitted by or on behalf of HSH-El Paso for each of the four (4) fiscal periods involved: FYE 3/31/1995, FYE 3/31/1996, FYE 3/31/1997, and FPE 12/31/1997.

2.  Each original audit report issued to HSH-El Pas for each of the four (4) fiscal periods noted above.

3.  Each amended audit report issued to HSH-El Paso for any of the above four (4) fiscal periods noted above.



EXHIBIT
tabbies "6"

Florence Ng
RE:    REQUESTS FOR DISCOVERY
         REVISED NOTICE OF PROGRAM REIMBURSEMENT
         HSH-EL PASO (Provider No. 45-2035)
         Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
                   And March 31, 1995
         PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Two

4.  Each amended or revised home office audit report issued that is related to the
     Medicare Program's revised notice of program reimbursement issued to HSH-El Paso
     for any of the four (4) fiscal periods involved, including all schedules of adjustments,
     workpapers and related documentation or schedules of documents supporting each
     such amended or revised home office audit report and all copies of documents
     obtained or received from the Provider or the Home Office, other than the costs
     reports, that were used, reviewed, relied on, or otherwise compiled as part of the
     reopened home office audit that became the basis for the revised notices of program
     reimbursement involved in these matters.

5.  Each original home office audit report issued that is related to the Medicare
     Program's original audit reports issued to HSH-EL Paso for any of the four (4) fiscal
     periods noted above.

6.  Each notice of intent to reopen identified in the revised notices of reimbursement
     issued to HSH-El Paso for any of the four (4) fiscal periods identified above,
     including the date that each was actually mailed and the identification of to whom
     each was mailed.

7.  Copies of all documents that identify whether any of the fiscal periods involved in
     these appeals (PRRB Case Nos. 07-0442. –7-0443, 07-0445, -7-0446) are also
     involved in any appeals before the PRRB that are currently open or in any appeals
     before the PRRB that have been closed or settled, including all documents of any
     such settlements or that described the terms of settlement agreed to and the
     individuals who agreed to the settlement on behalf of the Intermediary or HSH-El
     Paso, including any pending group appeals.

8.  All E-Mails and/or documents of discussions with HSH-El Paso staff concerning
     resolution or settlement of Medicare Program concerns related to the Home Office
     Audit(s), including any E-Mails and/or documents of discussion resolving such
     concerns prior to the date(s) on which the revised notices of program reimbursement
     were issued.

Florence Ng
RE:    REQUESTS FOR DISCOVERY
         REVISED NOTICE OF PROGRAM REIMBURSEMENT
         HSH-EL PASO (Provider No. 45-2035)
         Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
              And March 31, 1995
         PRRB Case Nos. 07-0442, 07-0443, 07-0445, and −7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Three

9.  Workpapers for the computation of the amount of the overpayment the Medicare
    Program claims is due from HSH-El Paso for each of the fiscal years involved in the
    above-noted matters or for any other fiscal period as a result of revised home office
    audits issued after 2004 by the Medicare Program.

10. Documents that Identify all other Medicare Providers, other than HSH-El Paso,
    owned by Lyric Healthcare LLC, by Lyric Healthcare Holdings, III, Inc., or by I.H.S.
    Acquisition No. 171, Inc., or by any other subsidiary of Lyric Healthcare LLC whose
    Medicare audited costs are or may be affected as a result of revised home office
    audits issued after 2004 by the Medicare Program.

11. The revised notices of program reimbursement involved in each of these cases.

12. The full name and present work address of each auditor, supervisor, or manager
    working for the Intermediary, whose name, handwriting or initials are contained in
    any of the audit reports, revised audit reports, home office audit reports, revised home
    office audit reports, workpapers, or other documents requested above.

13. Any and all documents or E-Mails evidencing the fiscal intermediary's decision to re-
    open the cost reports at issue in the above referenced matters.

AS PERMITTED BY FEDERAL RULE OF CIVIL PROCEDURE 26(e) AND PRRB
BOARD INSTRUCTIONS, THIS REQUEST FOR DISCOVERY IS CONTINUING
AND SUBJECT TO A DUTY TO SUPPLEMENT AND/OR SEASONABLY AMEND
ANY RESPONSE WITH LATER DISCOVERED, LATER FOUND DOCUMENTS OR
INFORMATION, OR CORRECTED INFORMATION.

We would appreciate your cooperation on a voluntary basis with our information
requests; however, this request is being sent as a formal Discovery request to assure
timely completion.

Please call me directly with any questions or concerns you have about this Discovery
request (717-233-4101) or email them to me at: donr@capozziassociates.com.

Florence Ng
RE:    REQUESTS FOR DISCOVERY
         REVISED NOTICE OF PROGRAM REIMBURSEMENT
         HSH-EL PASO (Provider No. 45-2035)
         Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
            And March 31, 1995
         PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Four


                 Thank you for your assistance with this Discovery Request.

                              Very truly yours,

                              CAPOZZI & ASSOCIATES, P.C.



                              Donald R. Reavey, Esquire
                              [Provider's Legal Representative]


      cc:    Timothy Trybus
             PRRB