**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HORIZON SPECIALTY HOSPITAL – EL PASO, ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                    ) | Civ. Action No. 07-1076 (PLF) |
| ) | ECF |
| MICHAEL O. LEAVITT,                      ) | |
| Secretary, United States Department of    ) | |
| Health and Human Services,                 ) | |
| ) | |
| Defendant.                         ) | |

<u>NOTICE OF FILING OF ADMINISTRATIVE RECORD</u>

   Defendant, Secretary of Health and Human Services, United States Department of Health

and Human Services, hereby files the attached administrative record in the above-captioned

action.

                                   Respectfully submitted,


                                       /s/        Jeffrey A. Taylor
                                   JEFFREY A. TAYLOR, D.C. Bar # 498610
                                   United States Attorney


                                       /s/        Megan L. Rose
                                   MEGAN L. ROSE, NC Bar # 28639
                                   Assistant United States Attorney
                                   Judiciary Center Building
                                   555 Fourth Street, N.W.
                                   Washington, D.C. 20530
                                   (202) 514-7220
                                   (202) 514-8780 (fax)
                                   Megan.Rose@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HORIZON SPECIALTY HOSPITAL - EL PASO
V.
MICHAEL O. LEAVITT
NO. 1:07-CV-01076
ADMINISTRATIVE RECORD
VOLUME 1 OF 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Horizon Specialty Hospital – El Paso | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 1:07-CV-01076 |
| | ) | |
| | ) | |
| | ) | |
| MICHAEL O. LEAVITT, SECRETARY | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

C E R T I F I C A T I O N

I, Jacqueline R. Vaughn, Attorney Advisor, Centers for Medicare and Medicaid Services, Department of Health and Human Services, under authority delegated by the Secretary, certify that the documents attached constitute a true and accurate transcript of the official file as furnished by the Provider Reimbursement Review Board (PRRB). These documents are the record of the PRRB's proceedings and actions concerning Horizon Specialty Hospital – El Paso's requests for hearing under Title XVIII of the Social Security Act, as amended.

Date: August 13, 2007

Jacqueline R. Vaughn

Horizon Specialty Hospital El Paso
PRRB Case No. 07-0442

## COURT TRANSCRIPTS INDEX

| | Page No(s) |
|---|---|
| PRRB's Letter Denying Provider's Reinstatement Request, dated June 29, 2007 | 1-2 |
| Provider's Petition for Reinstatement of Appeal, dated May 16, 2007 | 3-37 |
| PRRB's Letter Dismissing Case for Failure to Submit Preliminary Position Paper by Deadline, dated April 19, 2007 | 38 |
| Correspondence regarding Submission of Provider's Preliminary Position Paper, dated April 17, 2007 | 39-40 |
| PRRB's Letter Incorporating Provider's April 4, 2007 Request for Hearing into Case, and Instructions, dated April 9, 2007 | 41 |
| Provider's Letter of Representation, dated April 5, 2007 | 42-43 |
| Provider's Request for Hearing for Matter No. 131-06, with Attachment, dated April 4, 2007 | 44-47 |
| Provider's Requests for Discovery, dated January 11, 2007 | 48-51 |
| PRRB's Acknowledgment and Instruction, dated December 18, 2006 | 52-53 |
| Provider's Request for Hearing for Matter No. 143-05, including Notice of Program Reimbursement and Other Supporting Documents, dated December 5, 2006 | 54-63 |



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

JUN 2 9 2007

<u>CERTIFIED MAIL</u>

Donald R. Reavey, Esq.
Capozzi & Associates, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250

RE: Horizon Specialty Hospital El Paso, Provider No. 45-2035, FYE 12/31/1997,
    Case No. 07-0442

Dear Mr. Reavey:

By letter dated April 19, 2007, the Provider Reimbursement Review Board (the "Board")
dismissed the above-captioned appeal because the preliminary position paper had not been timely
filed with the Board. You filed a request for reinstatement on May 16, 2007. The pertinent facts
of the case and the Board's determination are set forth below.

<u>Pertinent Facts:</u>

The initial appeal filed on December 5, 2006, to which the Board assigned case number 07-0442,
was based a revised Notice of Program Reimbursement (NPR) dated June 13, 2006.

The Board acknowledged the case by letter dated December 18, 2006. In that letter, the Board
assigned a case number and set the following position paper due dates:

| <u>Date</u> | <u>Due</u> |
| --- | --- |
| April 1, 2007 | Provider Preliminary Position Paper |
| June 1, 2007 | Intermediary Preliminary Position Paper |
| August 1, 2007 | Final Position Papers from both Parties |

By letter dated April 4, 2007, you filed a request for Board hearing "with respect to the
adjustments made by the Revised Notice of Program Reimbursement issued by email dated
October 6, 2006, from Jeannine R. Lesperance . . ." The e-mail referred to in the appeal request
is not a revised NPR – rather it is an e-mail which transmits a spreadsheet showing total
overpayments for this Provider for the FYE in question.

The April 4, 2007 appeal request was incorporated into the existing case, 07-0442 and a revised
determination form letter was issued by the Board on April 9, 2007. This letter advised that the
appeal was being incorporated and that a supplemental position paper (not a preliminary position
paper) was required within 30 days.

1

Page 2 of 2
Case No. 07-0442

On April 17, 2007 the Board dismissed case number 07-0442 because the Provider failed to file a preliminary position paper by the April 1, 2007 due date. The dismissal letter was released on April 19, 2007.

On April 17, 2007 you submitted a statement certifying that the preliminary position paper had been filed with the Intermediary. The letter was received by the Board on April 19, 2007.

On May 16, 2007 you requested reinstatement of the case with respect to the April 4, 2007 appeal. In your letter you indicate that you decided the original appeal was not worth pursuing so you did not file a preliminary position paper, knowing that the December 5th, 2006 portion of the appeal would be dismissed. The April 4, 2007 portion of the appeal, however, had a due date 30 days from April 9, 2007 - which you did meet. Therefore you contend that, because of the improper consolidation of the 2 appeals, the Provider was not afforded due process with regard to the April 4, 2007 portion of the appeal.

Board Determination:

The Board hereby denies your reinstatement request. The Board finds that it does not have jurisdiction over the April 4, 2007 appeal because the spreadsheet you appealed from does not constitute a final determination as defined in 42 C.F.R. § 40531801 (the amount of total reimbursement due the provider following the close of the provider's cost reporting period for items or services furnished to beneficiaries). Further, the appeal request dated April 4th, 2007 is an appeal of overpayments. Pursuant to 42 C.F.R. § 405.1801(a)4, an intermediary determination " . . . does not include an action by CMS with respect to a compromise of a Medicare overpayment claim, or termination or suspension of collection action on an overpayment claim, against a provider or physician or other supplier."

Therefore the Board finds that it lacks jurisdiction over the April 4, 2007 portion of the appeal and hereby denies the request for reinstatement of case number 07-0442. Review of this determination may be available under the provisions of 42 U.S.C. § 13950o(f)(1) and 42 C.F.R. §§ 405.1875 and .1877.

| Board Members Participating: | For the Board; |
|---|---|
| Suzanne Cochran, Esq. | |
| Gary B. Blodgett, DDS | |
| Elaine Crews Powell, CPA | *Elaine Crews Powell* |
| Anjali Mulchandani-West | for Suzanne Cochran, Esq. |
| Yvette C. Hayes | Chairperson |

cc: Cynthia Potter, Trailblazer Health Enterprises, LLC
    Wilson C. Leong, Blue Cross Blue Shield Association

**BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD**

**CASE NO. 07-0442**

**HORIZON SPECIALTY HOSPITAL EL PASO (FYE 12/31/1997)**
**Provider No. 45-2035**

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

RECEIVED

MAY 2 1 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

**PROVIDER'S PETITION FOR REINSTATEMENT OF APPEAL FILED ON**
**APRIL 4, 2007 AND DISMISSED ON APRIL 19, 2007**

Submitted by:  Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE:  May 16, 2007

3

**AND NOW**, comes the Provider, Horizon Specialty Hospital El Paso, Provider No. 45-2035, and petitions this Honorable Board for reinstatement of its appeal filed on April 4, 2007 and dismissed on April 19, 2007 and in support thereof avers as follows:

The Provider filed an appeal of a final determination issued on October 6, 2006 on April 4, 2007 (hereinafter "April 4 Appeal"). The Board acknowledged receipt of this Appeal on April 9, 2007 and incorporated the appeal into an already functionally dismissed matter involving the same fiscal year docketed at Case Number 07-0442. The original Appeal was filed on December 5, 2006 (hereinafter "December 5 Appeal"). A true and correct copy of the Board's April 9, 2007 notice is attached hereto as Exhibit "1." In the Board's April 9, 2007 notice, the Board stated:

> ...if you have filed position papers in the initial appeal, you must file a supplemental position paper for the issue(s) not addressed in the subsequent appeal request. The supplemental position paper must be filed by the provider within 30 days of the date of this letter....

The Provider filed its preliminary position paper with respect to the issues involved in its April 4, 2007 Appeal, on April 17, 2007. The position paper was included as part of a preliminary position paper covering all of the issues in the two (2) appeals for the fiscal year. A true and correct copy of the preliminary position paper filed in this matter is attached hereto as Exhibit "2." In addition a true and correct copy of the April 4 Appeal is attached hereto at Exhibit "3" so the Board may reference Section B of the Preliminary Position Paper with the subject matter of the April 4 Appeal.

On April 19, 2007, the Board advised the Provider that it had dismissed the entire appeal at Case No. 07-0442 because the provider failed to meet the April 1, 2007 deadline for filing the preliminary position paper for the original December 5 Appeal as

4

established in the Board's initial notice for that case number. A true and correct copy of the April 19, 2007 letter from the Board is attached hereto as Exhibit "4." The April 19, 2007 dismissal notice is in error as to the Provider's April 4, 2007 appeal, since the preliminary position paper as to the issues in that appeal were filed with the Board within the time stated in the Board's April 9, 2007 notice as cited above. *See,* Exhibit "1."

The Provider was not afforded due process with regard to its April 4, 2007 Appeal docketed as Case No. 07-0442. Pursuant to the April 9, 2007 letter from the Board, the April 4 Appeal was to be consolidated with the December 5 Appeal under the same docket number and the Provider was to be given 30 days to file a preliminary position paper. However, such a consolidation had the effect of instantly dismissing the April 4 Appeal. This is the case because by the terms of the Board's own rules, the December 5 Appeal was considered functionally dismissed if a preliminary position paper was not filed by April 1. *See,* the true and correct copy of the December 18, 2006 letter from the Board setting critical due dates in the December 5 Appeal attached hereto as Exhibit "5."

With regard to the critical due dates established in the December 18 letter, the Provider did not receive the documents it had formally requested on January 11, 2007 through the Board's discovery procedure until late March 2007. A true and correct copy of the Provider's January 11, 2007 discovery requests are attached hereto as Exhibit "6." The late submission gave the provider little time to review the documents relative to the December 5 Appeal prior to the April 1 deadline for filing its preliminary position paper.

However, despite the tight deadlines, the Provider was able to review the documents and decided that the December 5 Appeal was no longer worth pursuing. Therefore, the Provider availed itself of the Board's own rules which would

5

automatically dismiss the Appeal on April 1, 2007 should no preliminary position paper be filed. *See,* Exhibit "5."

Furthermore, once the Provider received the April 9 letter, it realized that the two Appeals were being improperly tied to each other, and, accordingly, the Provider filed a preliminary position paper relating to both the December 5 Appeal and the April 4 Appeal to protect its rights in accordance with the April 9 letter from the Board. The Provider agrees with the dismissal of the December 5 Appeal and this was the intention of the Provider in not filing a preliminary position paper by April 1. Accordingly, the Provider would respectfully suggest that the December 5 Appeal continue to be considered dismissed but would ask that the April 4 Appeal be severed from it and continue in its own right.

Since the dismissal of the Provider's April 4, 2007 appeal at Case No. 07-0442 is in error and not supported by the Record in this matter and is inconsistent with principles of Due Process and Fair Notice, the Provider requests the Board to issue an Order reinstating the April 4, 2007 appeal within Case No. 07-0442.

Respectfully submitted,
**CAPOZZI & ASSOCIATES, P.C.**

Date: May 16, 2007                By: _____
                                  Donald R. Reavey, Esquire
                                  PA Attorney ID No. 82498
                                  2933 North Front Street
                                  Harrisburg, PA 17110
                                  (717) 233-4101
                                  Fax (717) 233-4103

6

**STATEMENT CERTIFYING SERVICE**:


      This certifies that a copy of this PETITION FOR REINSTATEMENT OF APPEAL FILED ON APRIL 4, 2007 was transmitted to the parties by first class, pre-paid U.S. Mail, addressed as follows, in order to conform with position paper due date established by the Board.

| | |
|---|---|
| **Cynthia Potter, Manager** | **Wilson C. Leong** |
| Trailblazer Health Enterprises LLC | Blue Cross/Blue Shield Association |
| Medicare Part A Audit & Reimbursement | 225 North Michigan Avenue |
| P.O. Box 660263 | Chicago, IL  60601-7680 |
| Dallas, Texas 75266 | |


                                          *(signature)*
                                _____
                                Donald R. Reavey, Esquire
                                CAPOZZI AND ASSOCIATES, P.C.
                                2933 North Front Street
                                Harrisburg, PA  17110-1250
                                Telephone: [717] 233-4101
                                FAX      : [717] 233-4103

                                [Attorneys for Provider]

DATE: May 16, 2007

7

RECEIVED

MAY 2 1 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

8



**DEPARTMENT OF HEALTH AND HUMAN SERVICES
PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

**CERTIFIED MAIL**          APR 0 9 2007

Refer to:  07-0442

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA  17110-1250

RE:   Horizon Specialty Hospital El Paso
        Provider No.:  45-2035
        FYE - 12/31/1997

Dear Donald R. Reavey, Esquire:

The Provider Reimbursement Review Board (the Board) received your letter dated April 4, 2007, seeking to appeal the final determination issued on October 6, 2006. The Board has incorporated this appeal into case number 07-0442 an appeal based on an earlier determination for the same fiscal year, currently at the Board.

The Parties are reminded that position papers must cover all issues in dispute. The position papers should be divided into sections. Each section must identify the issues to the appropriate final determination. Note that each final determination must separately meet the requirements for hearing found at 42 C.F.R. Sections 405.1835, 405.1839 and 405.1841. Any issue not addressed in a position paper will be dismissed from the appeal. Therefore, if you have filed position papers in the initial appeal, you must file a supplemental position paper for the issue(s) not addressed in the subsequent appeal request. The supplemental position paper must be filed by the provider within 30 days of the date of this letter and by the Intermediary within 60 days of the date of this letter.

Sincerely,

*Steven R. Kirsh*

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:   Trailblazer Health Enterprises, LLC
        Cynthia Potter
        Manager, Cost Report Appeals
        Medicare Part A Audit & Reimbursement
        P.O. Box 660263
        Dallas, TX 75266

        Wilson C. Leong
        BC & BS Association
        225 North Michigan Avenue
        Chicago, IL  60601-7680 0263


RECEIVED
APR 1 1 2007

**9**

2

Louis J. Capozzi, Jr., Esq.
Daniel K. Natirboff, Esqu.
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
  * (licensed in PA, NJ and MD)



**Capozzi & Associates, P.C.**
*Attorneys at Law*

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman¹, III Esq.
Dennis A. Roth¹, Esq.
Vincent E. Fisher², Esq.
Craig I. Adler, Esq.
  Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

Steven R. Kirsh, Director
Jurisdiction and Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD  21207-8712

    **Re:**    **STATEMENT CERTIFYING TRANSMITTAL OF PRELIMINARY
POSITION PAPER
Horizon Specialty Hospital El Paso
Provider Number 45-2035
Case Number 07-0442 (FYE: 12/31/1997)**

Dear Mr. Kirsh:

    This certifies that a copy of the Provider's Preliminary Position Paper was transmitted to
the parties by first class, pre-paid U.S. Mail, addressed as follows, in order to conform with
preliminary position paper due date established by the Board:

**Cynthia Potter, Manager**        **Wilson C. Leong**
Trailblazer Health Enterprises LLC    Blue Cross/Blue Shield Association
Medicare Part A Audit & Reimbursement  225 North Michigan Avenue
P.O. Box 660263               Chicago, IL  60601-7680
Dallas, Texas 75266

    Pursuant to the Board's Instructions, enclosed herewith please find the first page only of
Provider's Preliminary Position Paper.

Donald R. Reavey, Esquire
CAPOZZI AND ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA  17110-1250
Telephone: [717] 233-4101
FAX     : [717] 233-4103

[Attorneys for Provider]

DATE: April 17, 2007

**11**

**BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD**

**CASE NO. 07-0442**

**HORIZON SPECIALTY HOSPTIAL EL PASO (FYE 12/31/1997)**
**Provider No. 45-2035**

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

**PROVIDER'S PRELIMINARY POSITION PAPER**

Submitted by:  Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE:  April 17, 2007

12

BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD

CASE NO. 07-0442

HORIZON SPECIALTY HOSPTIAL EL PASO (FYE 12/31/1997)
Provider No. 45-2035

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

## PROVIDER'S PRELIMINARY POSITION PAPER

Submitted by: Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE: April 17, 2007

13

## I.    ISSUES AND ADJUSTMENTS IN DISPUTE

Issue No. 1:          WHETHER THE INTERMEDIARY'S
                      REVISED NPR'S ISSUED June 13, 2006 and
                      October 6, 2006 are timely?


Amounts at Issue:     October 6, 2006      -      $114,000
                      June 13, 2006        -      $  67,030


## II.    PROVIDER'S POSITION

### Section A - AS TO REVISED NPR OF June 13, 2006

**Issue No. 1:          Amount at Issue = $67,030**

There is no dispute in these matters that the original NPR was issued for
FYE 12/31/1997 on March 29, 2000 or that the revised NPR's were issued in
2006, more than six (6) years later.  There is no dispute that no Notice of
Reopening was issued as to the determination of October 6, 2006.

The determination of June 13, 2006 is based on a Notice of Reopening
alleged to be dated February 5, 2003, which would be within three years of the
NPR of March 28, 2000.  However, the determination of the Request for
Reopening was not made until April 27, 2006, when the Intermediary
determined that the adjustments involved in the Request for Reopening were
material and therefore that reopening was necessary (A copy of this
determination is attached to the Request for Hearing).  Since April 27, 2006
was more than three (3) years after the original March 29, 2000 NPR date, the
reopening was untimely.  PRM-1 § 2932(A) and related CMS policies require
a Notice of Reopening to include information on why reopening is necessary,
with an opportunity to comment, object, or submit evidence in rebuttal.  There
could not be a sufficient Notice of Reopening issued in this matter until such
time as the Intermediary made its determination on April 27, 2006 that the
reopening was necessary and thereafter offered the Provider the opportunity
required by law to comment, object, or submit evidence in rebuttal.  Since the
only Notice that complies with the requirements of PRM-1 § 2932(A) and
CMS policy was issued more than three (3) years after the original NPR, the
reopening is untimely and should be vacated.

14

In addition, we are advised by a former intermediary audit director that CMS policy in effect during the periods at issue precluded the issuance of a revised NPR more than three (3) years after a Notice of Reopening. Since there is no dispute that the Revised NPR was issued more than three (3) years after the alleged February 5, 2003 Notice, the Revised NPR was issued contrary to CMS policy and should be vacated.

### Section B – As to Revised Determination of October 6, 2006

**Issue No. 1:**     **Amount at Issue = $114,000**

There is no dispute in these matters that the original NPR was issued for FYE 12/31/1997 on March 29, 2000 or that the revised determination was issued in 2006, more than six (6) years later. There is no dispute that no Notice of Reopening was issued as to the determination of October 6, 2006 or that October 6, 2006 is more than three (3) years after March 29, 2000. PRM-1 § 2932(A) and related CMS policies require a Notice of Reopening to include information on why reopening is necessary, with an opportunity to comment, object, or submit evidence in rebuttal. No such Notice has been issued or is claimed here.

In addition, we are advised by a former intermediary Medicare audit and reimbursement director that CMS policy in effect during the periods at issue precluded the issuance of a revised NPR more than three (3) years after a Notice of Reopening and required the recoupment of overpayments determined in a prior NPR prior to the expiration of six (6) years from the date of the original NPR.

The Provider has not received discovery from the Intermediary on the basis for the Intermediary's assertion that the amount at issue was not previously recouped and that the amount at issue remains unpaid.

**III.    EXHIBITS:**

|      |      |
|------|------|
| P-1 | PRM-1 § 2132(A) |
| P-2 | June 13, 2006 Revised NPR with determination of April 27, 2006 attached |
| P-3 | October 6, 2006 Determination of Unpaid Overpayment (Attached to the Appeal) |

15

**WHEREFORE,** the Provider requests that the adjustments be vacated as untimely.

Respectfully submitted,
**CAPOZZI & ASSOCIATES, P.C.**

Date: April 17, 2007                          By: _____

Donald R. Reavey, Esquire
PA Attorney ID No. 82498
2933 North Front Street
Harrisburg, PA  17110
(717) 233-4101
Fax (717) 233-4103

16

Final determinations will not be reopened simply because a different view is taken with respect to the import of the evidence upon which the determination was made. The same criteria apply, of course, to the reopening of a decision of a hearing officer, the PRRB or the Secretary.

2932.    NOTICES (INCLUDING NOTICES OF REFUSAL) RELATED TO REOPENING
         AND CORRECTION.

    A.    Requirements of the Notice.--When any determination or decision is reopened as provided in §2931 or it is decided not to reopen, notice of such reopening (or refusal to reopen--see §2931.1 below) will be mailed to the provider or other parties to the determination or decision at their last known address. The notice of reopening will be issued by the intermediary, intermediary hearing officer, the PRRB, or the Secretary making the reopening as required by §2931.1. The provider or other party will be advised in the notice as to the circumstances surrounding the reopening, i.e., why it was necessary to take such action, and the opportunity to comment, object, or submit evidence in rebuttal. Where a decision is to be reopened by a hearing officer, PRRB or the Secretary, the hearing officer, PRRB or Secretary may in his discretion hold a hearing to receive additional evidence and any oral testimony thereon of the provider or other party.

When a correction is made in a determination or decision following the reopening, a notice of correction will be similarly mailed and addressed. The notice will bear the legend "Notice of Correction-Program Reimbursement" if required to be issued by the intermediary on a determination, and "Notice of Correction-Hearing Decision" if required to be issued by the intermediary, intermediary hearing officer, PRRB or Secretary on a decision, and will refer to the previous program payment notice or hearing decision, respectively. It should also advise that the provider has a right to a hearing where the amount of program payment is corrected.

The correction notice will explain the basis of the correction with as much of the detail as is required in the case of the notice of amount of program reimbursement (§§2906) or hearing officer decision. (See §2916.)

If, after a notice of reopening had been issued, it is determined that no correction is warranted, the provider or other party will be notified accordingly. (See §2932.1.)

    B.    Effect of a Correction.--Where a correction is made by an intermediary in a determination on the amount of program payment which it has reopened, such correction shall be considered a separate and distinct determination to which the hearing provisions of this chapter apply; i.e., if as a result of the correction there is a sufficient amount of title XVIII program payment in dispute, the provider or other entity has a right to a hearing on such correction if it files a request for one within 180-calendar days of the date of the notice of correction (but see the exception discussed below).



EXHIBIT
P-1

29-82                                                              Rev. 321



CENTERS for MEDICARE & MEDICAID SERVICES

June 13, 2006

452035;675106

Mr. Mitchell Rossi, Director of Reimbursement
Horizon Specialty Hospital El Paso
910 Ridgebrook Road
Sparks, MD 21152

SUBJECT:    MEDICARE COST REPORT
            YEAR OR PERIOD ENDING 12/31/97
            NOTICE OF PROGRAM REIMBURSEMENT 03/29/00
            DATE OF NOTICE OF REOPENING 02/05/03

Dear Mr. Rossi:

In accordance with 42 CFR 405.1803, this is your Revised Notice of Medicare Program
Reimbursement (RNPR) for the fiscal year referenced above.

Please be informed that the Intermediary Determination communicated by this RNPR may be
revised in accordance with 42 CFR 405.1885.

The adjustments to this cost report which produce a difference between the Intermediary's
determination and your initial cost report are explained on the attached adjustment report. If you
have any questions concerning the nature of these adjustments and the reasons for them, please
contact this office.

If this RNPR results in an amount due the program, a separate billing letter will be sent. If you
are unable to refund the full amount within the date specified in the billing letter, you may
request that we consider a repayment plan by submitting the required data and documentation. If
we do not receive full payment or approve a repayment plan by the due date, we must reduce or
suspend your Medicare payments until the overpayment is recovered or we approve a repayment
plan. The overpayment must be repaid in this manner regardless of any plans to appeal the
adjustments. Payment of this amount will not affect your appeal rights.

Notice of Interest: In accordance with the Social Security Act Section 1815(d) (42 U.S.C. 1395g)
and 1833(j) (42 U.S.C. 13951), interest will be assessed on an overpayment unless payment is
received by the due date. Interest will be assessed for each full 30-day period that full payment
has not been recovered as is stated in 42 CFR 405.378ff. If an overpayment is repaid in
installments, each payment received will be applied first to accrued interest and then to the
principal.

TrailBlazer Health Enterprises, LLC ℠
Medicare Part A Audit & Reimbursement •P.O. Box 660263 •Dallas, Texas 75266-0263
Executive Center III • 8330 LBJ Freeway • Dallas, Texas • 75243-1213
*A CMS Contracted Intermediary and Carrier*

EXHIBIT
P-2

18

<u>Right to Appeal</u>: You have 180 days from the date of the Notice of Program Reimbursement to formally file an appeal request in writing. We urge you to discuss any questions you may have concerning adjustments to your cost report with this office.

If you disagree with the cost report adjustments which have been made by this office, you have the right to appeal those adjustments. To be acceptable, a request to appeal must: 1) be in writing, 2) specify the individual adjustment items and amounts to which you take exception, 3) state the reasons supporting your position, and 4) cite the Regulations and Manual sections upon which you base your objections. With your request you should also include a copy of the NPR, the adjusted cost report, and the entire adjustment report.

If you disagree with items aggregating $10,000 or more in program reimbursement, your appeal is to the Provider Reimbursement Review Board (PRRB) and your request should be directed in writing to the following address, <u>with a copy to our office</u>, and to the PRRB Coordinator at Blue Cross Blue Shield Association, whose addresses are shown below:

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

PRRB Appeals Coordinator
Blue Cross Blue Shield Association
225 North Michigan Ave.
Chicago, IL 60611

For filing information, you may call (410) 786-2671.

Any appeal brought before the PRRB by providers that are under common ownership or control must be filed as a group appeal with respect to any matters involving an issue common to the provider and for which the amount in controversy is in the aggregate, $50,000 or more.

If you disagree with the adjustments aggregating at least $1,000 but less than $10,000, your appeal is to Blue Cross Blue Shield Association (BCBSA) under its Medicare Provider Appeals Procedures and your appeal request should be directed in writing to the following address with a copy to our office.

Intermediary Hearing Officer
Medicare Operations Prime Contract
Blue Cross Blue Shield Association
225 North Michigan Ave.
Chicago, IL 60601

For filing information, you may call Joan Baker at (312) 297-5836. Appeal information and procedures are available on the CMS website at http://www.cms.hhs.gov/providers/prrb/prrb.asp.

If there is a net amount due your facility, our check will be mailed separately to the address where your claim payments are received. The remittance advice will read 'Settlement'. If there is a net amount due the program, your check for the full amount due should be sent immediately. Make your check payable to TrailBlazer Health Enterprises, LLC <sup>SM</sup> and send it to my attention.

Sincerely,

Florence Ng
Home Office Team Director
Provider Audit & Reimbursement Division

FN:bjj

Enclosure

c:  Reopening Coordinator          RPN Control#010836, RPN Code#H
    Files
    SRS

20

PROVIDER NO. : 4  S                                                    PREPARED : 6/ 5/2006
PROVIDER NAME: H   N SPECIALTY HOSPITAL-EL PASO                        FYE : 12/31/1997

SCHEDULE FOR NPR PURPOSES COMPARING INTERMEDIARY'S DETERMINATION TO THE CORRECTED INTERMEDIARY DETERMINATION AMOUNTS:
CMS-2552-96 - REOPENING SETTLEMENT

| COMPONENT | INTERMEDIARY'S DETERMINATION | | | | | | | | |
| | PART A | | | PART B | | | TOTAL | | |
| | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT |
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| HOSPITAL | -70877 | -102566 | -31689 | 0 | 0 | 0 | -70877 | -102566 | -31689 |
| HOSPITAL-BASED SNF | -546549 | -575181 | -28632 | 31753 | 25044 | -6709 | -514796 | -550137 | -35341 |
| TOTAL | -617426 | -677747 | -60321 | 31753 | 25044 | -6709 | -585673 | -652703 | -67030 |

45-2035

| FYE | OVER/UNDERPAYMENT TYPE | OVER/UNDERPAYMENT AMOUNT | RETURN DATE | Balance 1/9/06 |
|---|---|---|---|---|
| 3/31/1997 | TENTATIVE SETTLEMENT | ($154,525.00) | 12/13/1997 $ | - | FULLY COLLECTED BY CHECK #1003493 (per ARAP) |
| | FINAL SETTLEMENT | ($3,512.00) | 6/8/1998 $ | - | FULLY COLLECTED BY CHECK #1382316 (per ARAP) |
| | AMENDED FINAL SETTLEMENT | ($83,585.00) | 5/16/2005 $ | (8,573.00) CURRENT NIGLAS BALANCE $8,573.00 (partially collected by offset from 3/31/97 2nd amended settlement) (NIGLAS TRX #4300000003x |
| | 2ND AMENDED FINAL SETTLEMENT | $53,982.00 | 8/1/2005 $ | - | OFFSET TO 1ST AMENDED FINAL SETTLEMENT (NIGLAS TRX # 4000000038006) ON 8/0/05 |
| 12/31/1997 | INITIAL COST REPORT | ($471,252.00) | 11/10/1998 $ | - | FULLY COLLECTED BY CHECK #111219 & CLAIMS WITHHOLDINGS (per ARAP) |
| | FINAL SETTLEMENT | ($114,411.00) | 3/29/2005 $ | (114,411.00) FULL BALANCE CURRENTLY OUTSTANDING (NIGLAS TRX #0404116520260N) |
| | AMENDED FINAL SETTLEMENT | ($57,050.00) | 4/13/2005 $ | (57,050.00) FULL BALANCE CURRENTLY OUTSTANDING (NIGLAS TRX #400000003620) |



EXHIBIT
2.3

22

3

Louis J. Capozzi, Jr., Esq.
Daniel K. Natirboff, Esq.
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
* licensed in PA, NJ and MD)



Capozzi & Associates, P.C.
*Attorneys at Law*

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman¹, III Esq.
Dennis A. Roth¹, Esq.
Vincent E. Fisher², Esq.
Craig I. Adler, Esq.
    Of Counsel

¹ Licensed in Ohio
² Licensed in OH, PA, FL

April 4, 2007

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670

                                      BY CERTIFIED U.S. MAIL

RE:    REQUEST FOR BOARD HEARING
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Period Ending December 31, 1997
       Our Matter No. 131-06

Dear Mr. Chairman:

Pursuant to 42 U.S.C. § 1395oo and 42 CFR §§ 405.1835, 405.1841, and on behalf of Lyric Health Care LLC, the parent company for the Provider, HSH-El Paso (Medicare Provider No. 45-2035), we are hereby requesting a Board Hearing with respect to the adjustments made by the Revised Notice of Program Reimbursement issued by email dated October 6, 2006, from Jeannine R. Lesperance, an attorney with the Civil Division of the U.S. Department of Justice (copy attached as Exhibit A). We have enclosed the Letter of Representation from Lyric Health Care LLC appointing our Firm as their Legal Representative in this matter.

The amount at issue in this Request for Board Hearing is the entire amount of the allegedly unpaid overpayment of $114,411, which satisfies the jurisdictional amount required for a Board Hearing pursuant to 42 U.S.C. § 1395oo(a)(2), and which the email claims in the spreadsheet attachment is related to a prior determination of March 29, 2000. We are requesting a Board Hearing on this alleged overpayment. We believe that the revised notice is contrary to law, untimely, not supported by substantial evidence, and inconsistent with the prior proceedings related to this fiscal period. We believe that effective CMS policy required this alleged overpayment to have been collected in 2000 and therefore that the current demand is duplicative and constitutes a new revised determination subject to the jurisdiction of the Board.

24

Chairman, Provider Reimbursement Review Board
RE:    REQUEST FOR BOARD HEARING
          REVISED NOTICE OF PROGRAM REIMBURSEMENT
          HSH-EL PASO (Provider No. 45-2035)
          Fiscal Period Ending December 31, 1997
Our Matter No. 131-06
April 4, 2007
Page Two

A copy of this Request for Board Hearing is also being sent on this same date to the PRRB Appeals Coordinator, Blue Cross Blue Shield Association, 225 North Michigan Avenue, Chicago, IL 60611; and to David Barsam, TrailBlazer Health Enterprises, LLC, Medicare Part A Operations, P.O. Box 660263, Dallas, TX 75266-0263.

         Thank you for your time and attention to this matter. Should you have any questions concerning this matter, please do not hesitate to contact our offices.

                                   Respectfully submitted,

                                   CAPOZZI & ASSOCIATES, P.C.

                                   Donald R. Reavey, Esquire


Attachments.
cc:     Lamar Hopkins
          David Barsam (TrailBlazer)
          PRRB Appeals Coordinator (BCBSA)

25

**Bruce Baron**

| | |
|---|---|
| **From:** | Jeannine.Lesperance@usdoj.gov |
| **Sent:** | Friday, October 06, 2006 3:49 PM |
| **To:** | Don Reavey |
| **Subject:** | overpayments for 1997 |



452035.xls (16 KB)

        attached is a spreadsheet (excel) which shows the total overpayments for 1997 for HSH el-paso, which were collected and which remain outstanding, including the effect of the prrb settlement.

we think that there was a 12/31/97 cost year and a 3/31/97 cost year because of the change of ownership from horizon, which would have led them to file a terminating cost report (probably the 12/31/97) and then the provider also filed its ordinary end of fiscal year cost report 3/31/97 earlier in the year.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email



EXHIBIT

"A"

**45-2036**

| FYE | OVER/UNDERPAYMENT TYPE | OVER/UNDERPAYMENT AMOUNT | DETERM DATE | Balance 10/6/06 | |
|---|---|---|---|---|---|
| 3/31/1997 | TENTATIVE SETTLEMENT | ($154,825.00) | 12/12/1997 | $ | - | FULLY COLLECTED BY CHECK #1053482 (per ARAP) |
| | FINAL SETTLEMENT | ($3,512.00) | 8/6/1999 | $ | - | FULLY COLLECTED BY CHECK #1292218 (per ARAP) |
| | AMENDED FINAL SETTLEMENT | ($83,565.00) | 6/16/2006 | $ | (9,873.00) | CURRENT HIGLAS BALANCE $9,873.00 (partially collected by offset from 3/31/97 2nd am |
| | 2ND AMENDED FINAL SETTLEMENT | $53,692.00 | 8/1/2006 | $ | - | OFFSET TO 1ST AMENDED FINAL SETTLEMENT (HIGLAS TRX # 400000003606) ON |
| | | | | | | |
| 12/31/1997 | INITIAL COST REPORT | ($471,262.00) | 11/10/1998 | $ | - | FULLY COLLECTED BY CHECK #111216 & CLAIMS WITHHOLDINGS (per ARAP) |
| | FINAL SETTLEMENT | ($114,411.00) | 3/28/2000 | $ | (114,411.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #040411452035CN) |
| | AMENDED FINAL SETTLEMENT | ($67,030.00) | 6/13/2006 | $ | (67,030.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #400000003620) |

27

4



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

**CERTIFIED MAIL**

APR 1 9 2007

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE: Horizon Specialty Hospital El Paso, Provider No. 45-2035, FYE 12/31/1997, Case No. 07-0442

Dear Mr. Reavey:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of April 2007. You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure." Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board. Therefore, the Board hereby closes this case and removes it from the docket.

Board Members:                                    For the Board:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA                          *Yvette C. Hayes*
Anjali Mulchandani-West
Yvette C. Hayes                                   Board Member

cc:    Trailblazer Health Enterprises, LLC
       Cynthia Potter
       Manager, Cost Report Appeals
       Medicare Part A Audit & Reimbursement
       P.O. Box 660263
       Dallas, TX 75266

       Wilson C. Leong
       BC & BS Association
       225 North Michigan Avenue
       Chicago, IL 60601-7680

29

5



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

<u>**CERTIFIED MAIL**</u>

DEC 1 8 2006



Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE:  Acknowledgement and Critical Due Dates
      Case Number: 07-0442
      Date Filed: 12/5/2006
      Provider Name: Horizon Specialty Hospital El Paso
      Provider Number: 45-2035
      Appealed Year – FYE: 12/31/1997

The Provider Reimbursement Review Board ("Board") has received your request for a hearing. You will need to obtain a copy of the Board's instructions which are located on the Board's web site at http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp. If internet access is not available to you, you may call the Board at (410) 786-2671 and request that a copy be mailed to you.

You must reference the case number and provider information on all correspondence with the Board. If any of the above information is incorrect, you must inform the Board, in writing, within 30 days of this letter.

<u>DUE DATES</u>

**1st of April 2007**
Provider's Preliminary Position Papers due to Intermediary (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of June 2007**
Intermediary's Preliminary Position Papers due to Provider (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of August 2007**
Final position papers due to the Board from both Parties.

Page 2

## DISMISSALS

You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact the Centers for Medicare and Medicaid Services (CMS) about contract compliance and will schedule a hearing date.

## TENTATIVE HEARING DATE

**December 2007:** Tentative month and year of hearing.

The Board will send you a Notice of Board Hearing to notify you of the specific time, date and location of the hearing. The Notice of Hearing will be issued at least 30 days prior to the actual hearing date.

## OPTIONS

You may make a written request, at any time, that:
> Your month of hearing be rescheduled to an earlier month;
> Your case be heard based on the submitted record;
> Your case be conducted by video or teleconference;
> Your case be resolved through alternative dispute resolution/mediation;
> Your case be reviewed in a pre-hearing conference with a Board member.

If you request any of these options, you must continue to meet with the due dates set forth in this letter until you are advised regarding your request by the Board.

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:  Trailblazer Health Enterprises, LLC
    Cynthia Potter
    Manager, Cost Report Appeals
    Medicare Part A Audit & Reimbursement
    P.O. Box 660263
    Dallas, TX 75266

    Wilson C. Leong
    BC & BS Association
    225 North Michigan Avenue
    Chicago, IL 60601-7680

6

33



Louis J. Capozzi, Jr., Esquire
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Michael B. Volk, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
* (licensed in PA, NJ and MD)

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman¹, III Esq.
Dennis A. Roth¹, Esq.
Vincent E. Fisher², Esq.
Craig I. Adler, Esq.
Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

January 11, 2007

Florence Ng
TrailBlazer Health Enterprises LLC
Executive Center III
8330 LBJ Freeway
Dallas, TX 75243                    BY FAX TO 469-372-7651 AND CERTIFIED U.S MAIL

RE:     REQUESTS FOR DISCOVERY
        REVISED NOTICE OF PROGRAM REIMBURSEMENT
        HSH-EL PASO (Provider No. 45-2035)
        Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
             And March 31, 1995
        PRRB Case Nos. 07-0442, 07-0443, 07-0445, and 07-0446
        Our Matter Nos. 728-06, 729-06, 730-06 and 731-06

Dear Ms. Ng:

        Pursuant to PRRB Board Instructions relating to Pre-Hearing Discovery, this
correspondence requests Production of Documents and Items and additional information in these
four (4) Revised NPR Reopening appeals. Please provide the requested documents within thirty
(30) days as directed by the PRRB instruction. Copies of the following Documents and Items
and other information are to be delivered to the Provider's Legal Representative, Donald R.
Reavey, Esquire, at Capozzi & Associates, P.C., 2933 North Front Street, Harrisburg, PA 17110-
1250:

        1.  Each as filed cost report and related home office cost report submitted by or on
            behalf of HSH-El Paso for each of the four (4) fiscal periods involved: FYE
            3/31/1995, FYE 3/31/1996, FYE 3/31/1997, and FPE 12/31/1997.

        2.  Each original audit report issued to HSH-El Pas for each of the four (4) fiscal periods
            noted above.

        3.  Each amended audit report issued to HSH-El Paso for any of the above four (4) fiscal
            periods noted above.

34

Florence Ng
RE:    REQUESTS FOR DISCOVERY
         REVISED NOTICE OF PROGRAM REIMBURSEMENT
         HSH-EL PASO (Provider No. 45-2035)
         Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
              And March 31, 1995
         PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Two

4.  Each amended or revised home office audit report issued that is related to the
    Medicare Program's revised notice of program reimbursement issued to HSH-El Paso
    for any of the four (4) fiscal periods involved, including all schedules of adjustments,
    workpapers and related documentation or schedules of documents supporting each
    such amended or revised home office audit report and all copies of documents
    obtained or received from the Provider or the Home Office, other than the costs
    reports, that were used, reviewed, relied on, or otherwise compiled as part of the
    reopened home office audit that became the basis for the revised notices of program
    reimbursement involved in these matters.

5.  Each original home office audit report issued that is related to the Medicare
    Program's original audit reports issued to HSH-EL Paso for any of the four (4) fiscal
    periods noted above.

6.  Each notice of intent to reopen identified in the revised notices of reimbursement
    issued to HSH-El Paso for any of the four (4) fiscal periods identified above,
    including the date that each was actually mailed and the identification of to whom
    each was mailed.

7.  Copies of all documents that identify whether any of the fiscal periods involved in
    these appeals (PRRB Case Nos. 07-0442. –7-0443, 07-0445, -7-0446) are also
    involved in any appeals before the PRRB that are currently open or in any appeals
    before the PRRB that have been closed or settled, including all documents of any
    such settlements or that described the terms of settlement agreed to and the
    individuals who agreed to the settlement on behalf of the Intermediary or HSH-El
    Paso, including any pending group appeals.

8.  All E-Mails and/or documents of discussions with HSH-El Paso staff concerning
    resolution or settlement of Medicare Program concerns related to the Home Office
    Audit(s), including any E-Mails and/or documents of discussion resolving such
    concerns prior to the date(s) on which the revised notices of program reimbursement
    were issued.

Florence Ng
RE:    REQUESTS FOR DISCOVERY
        REVISED NOTICE OF PROGRAM REIMBURSEMENT
        HSH-EL PASO (Provider No. 45-2035)
        Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
            And March 31, 1995
        PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Three

9. Workpapers for the computation of the amount of the overpayment the Medicare Program claims is due from HSH-El Paso for each of the fiscal years involved in the above-noted matters or for any other fiscal period as a result of revised home office audits issued after 2004 by the Medicare Program.

10. Documents that Identify all other Medicare Providers, other than HSH-El Paso, owned by Lyric Healthcare LLC, by Lyric Healthcare Holdings, III, Inc., or by I.H.S. Acquisition No. 171, Inc., or by any other subsidiary of Lyric Healthcare LLC whose Medicare audited costs are or may be affected as a result of revised home office audits issued after 2004 by the Medicare Program.

11. The revised notices of program reimbursement involved in each of these cases.

12. The full name and present work address of each auditor, supervisor, or manager working for the Intermediary, whose name, handwriting or initials are contained in any of the audit reports, revised audit reports, home office audit reports, revised home office audit reports, workpapers, or other documents requested above.

13. Any and all documents or E-Mails evidencing the fiscal intermediary's decision to re-open the cost reports at issue in the above referenced matters.

AS PERMITTED BY FEDERAL RULE OF CIVIL PROCEDURE 26(e) AND PRRB BOARD INSTRUCTIONS, THIS REQUEST FOR DISCOVERY IS CONTINUING AND SUBJECT TO A DUTY TO SUPPLEMENT AND/OR SEASONABLY AMEND ANY RESPONSE WITH LATER DISCOVERED, LATER FOUND DOCUMENTS OR INFORMATION, OR CORRECTED INFORMATION.

We would appreciate your cooperation on a voluntary basis with our information requests; however, this request is being sent as a formal Discovery request to assure timely completion.

Please call me directly with any questions or concerns you have about this Discovery request (717-233-4101) or email them to me at: donr@capozziassociates.com.

Florence Ng
RE:    REQUESTS FOR DISCOVERY
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
           And March 31, 1995
       PRRB Case Nos. 07-0442, 07-0443, 07-0445, and -7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Four


                Thank you for your assistance with this Discovery Request.

                        Very truly yours,

                        CAPOZZI & ASSOCIATES, P.C.



                        Donald R. Reavey, Esquire
                        [Provider's Legal Representative]


cc:     Timothy Trybus
        PRRB


37



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

APR 1 9 2007

**CERTIFIED MAIL**

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE: Horizon Specialty Hospital El Paso, Provider No. 45-2035, FYE 12/31/1997, Case No. 07-0442

Dear Mr. Reavey:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of April 2007. You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure." Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board. Therefore, the Board hereby closes this case and removes it from the docket.

Board Members:
Suzanne Cochran
Gary B. Blodgett, DDS
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

For the Board:

*Yvette C. Hayes*

Board Member

cc:   Trailblazer Health Enterprises, LLC
      Cynthia Potter
      Manager, Cost Report Appeals
      Medicare Part A Audit & Reimbursement
      P.O. Box 660263
      Dallas, TX 75266

      Wilson C. Leong
      BC & BS Association
      225 North Michigan Avenue
      Chicago, IL 60601-7680

38

Louis J. Capozzi, Esquire
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire

Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
 * (licensed in PA, NJ and MD)



# Capozzi & Associates, P.C.
## Attorneys at Law

April 17, 2007

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
    Of Counsel

[1] Licensed in Ohio
[2] Licensed in OH, PA, FL

Steven R. Kirsh, Director
Jurisdiction and Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21207-8712

      Re:    **STATEMENT CERTIFYING TRANSMITTAL OF PRELIMINARY
                POSITION PAPER
                Horizon Specialty Hospital El Paso
                Provider Number 45-2035
                Case Number 07-0442 (FYE: 12/31/1997)**

*closed
4/17/07*

Dear Mr. Kirsh:

      This certifies that a copy of the Provider's Preliminary Position Paper was transmitted to the parties by first class, pre-paid U.S. Mail, addressed as follows, in order to conform with preliminary position paper due date established by the Board:

      **Cynthia Potter, Manager**            **Wilson C. Leong**
      Trailblazer Health Enterprises LLC    Blue Cross/Blue Shield Association
      Medicare Part A Audit & Reimbursement  225 North Michigan Avenue
      P.O. Box 660263                Chicago, IL 60601-7680
      Dallas, Texas 75266

      Pursuant to the Board's Instructions, enclosed herewith please find the first page only of Provider's Preliminary Position Paper.

RECEIVED

APR 1 9 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

Donald R. Reavey, Esquire
CAPOZZI AND ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
FAX     : [717] 233-4103

[Attorneys for Provider]

DATE: April 17, 2007

39

# BEFORE THE PROVIDER RIEMBURSEMENT REVIEW BOARD

## CASE NO. 07-0442

## HORIZON SPECIALTY HOSPTIAL EL PASO (FYE 12/31/1997)
### Provider No. 45-2035

FISCAL INTERMEDIARY: TRAILBLAZER HEALTH ENTERPRISES, LLC

Cynthia Potter
Manager, Cost Report Appeals, Medicare Part A Audit & Reimbursement
Trailblazer Health Enterprises, LLC
P.O. Box 660263
Dallas, TX 75266

WILSON C. LEONG
MEDICARE OPERATIONS
BLUE CROSS BLUE SHIELD ASSOCIATION
225 NORTH MICHIGAN AVENUE
CHICAGO, IL 60601-7680

## PROVIDER'S PRELIMINARY POSITION PAPER

Submitted by:  Donald R. Reavey, Esquire
CAPOZZI & ASSOCIATES, P.C.
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
[Provider's Legal Representative]

DATE:  April 17, 2007



40



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

<u>**CERTIFIED MAIL**</u>      APR 0 9 2007

Refer to:  07-0442

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA  17110-1250

RE:  Horizon Specialty Hospital El Paso
     Provider No.:  45-2035
     FYE - 12/31/1997

Dear Donald R. Reavey, Esquire:

The Provider Reimbursement Review Board (the Board) received your letter dated April 4, 2007, seeking to appeal the final determination issued on October 6, 2006.  The Board has incorporated this appeal into case number 07-0442 an appeal based on an earlier determination for the same fiscal year, currently at the Board.

The Parties are reminded that position papers must cover all issues in dispute.  The position papers should be divided into sections.  Each section must identify the issues to the appropriate final determination.  Note that each final determination must separately meet the requirements for hearing found at 42 C.F.R. Sections 405.1835, 405.1839 and 405.1841.  Any issue not addressed in a position paper will be dismissed from the appeal.  Therefore, if you have filed position papers in the initial appeal, you must file a supplemental position paper for the issue(s) not addressed in the subsequent appeal request.  The supplemental position paper must be filed by the provider within 30 days of the date of this letter and by the Intermediary within 60 days of the date of this letter.

Sincerely,

*Steven R. Kirsh*

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:  Trailblazer Health Enterprises, LLC
     Cynthia Potter
     Manager, Cost Report Appeals
     Medicare Part A Audit & Reimbursement
     P.O. Box 660263
     Dallas, TX 75266

     Wilson C. Leong
     BC & BS Association
     225 North Michigan Avenue
     Chicago, IL  60601-7680 0263

Certified Article Number
7160 3901 9849 5947 0729
SENDERS RECORD

Certified Article Number
7160 3901 9849 5947 0736
SENDERS RECORD

41



Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire

Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
    * (licensed in PA, NJ and MD)

## Capozzi & Associates, P.C.
### *Attorneys at Law*

2931 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
    Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

April 5, 2007

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670

        RE:    Letter of Representation
               REVISED NOTICE OF PROGRAM REIMBURSEMENT
               HSH-EL PASO (Provider No. 45-2035)
               Fiscal Period Ending December 31, 1997
               Our Matter No. 131-06

Dear Chairman:

        On April 4, 2007, we submitted a Request for Hearing concerning the above captioned
matter on behalf of our client. The Request for Hearing states "[w]e have enclosed the Letter of
Representation from Lyric Health Care LLC appointing our Firm as their Legal Representative
in this matter". However, after mailing the Request for Hearing, we discovered that a copy of
the Letter of Representation was not included. Therefore, please find attached the Letter of
Representation referenced in the April 4, 2007 Request for Hearing.

        We apologize for any inconvenience or confusion this oversight may cause. Should you
have any questions regarding this correspondence, please contact our offices.

                        Sincerely,

                        Karen L. Fisher, Paralegal

cc:    David Barsam
       PRRB Appeals Coordinator (BCBSA)

RECEIVED

APR 0 9 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

42

# *LYRIC HEALTH CARE, LLC*

April 4, 2007

Steven R. Kirsh, Director
Jurisdiction and Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670

       RE:    Letter of Representation
               Notice of Failure to Mark Satisfied or Issue a
               Recoupment of $114,411.00 Dated 10/6/2006
               FYE: March 31, 1997
               Horizon Specialty Hospital – El Paso
               Provider No. 45-2035

Dear Mr. Kirsh:

      Please consider this our Letter of Representation for HSH-El Paso's appeal relating to the alleged failure of Trailblazers to recoup or mark satisfied $114,411.00 sometime in 2000.

      We hereby appoint Capozzi and Associates, P.C., as our official representative for the above referenced appeal, and specifically Donald R. Reavey, Esquire, of that Firm.

      If you have any questions, please contact me.

               Very truly yours,

               Lamar Hopkins,
               Director of Reimbursement

cc:    Donald R. Reavey, Esquire
       Capozzi and Associates, P.C.

RECEIVED

APR 0 9 2007

ROVIDER REIMBURSEMENT
REVIEW BOARD

*7150 Columbia Gateway Dr Suite J  Columbia, Maryland 21046*

43

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
    * (licensed in PA, NJ and MD)

# Capozzi & Associates, P.C.
## *Attorneys at Law*

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
    Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

RECEIVED

APR 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

April 4, 2007

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670

BY CERTIFIED U.S. MAIL

> RE:    REQUEST FOR BOARD HEARING
>        REVISED NOTICE OF PROGRAM REIMBURSEMENT
>        HSH-EL PASO (Provider No. 45-2035)
>        Fiscal Period Ending December 31, 1997    07-0442
>        Our Matter No. 131-06

Dear Mr. Chairman:

Pursuant to 42 U.S.C. § 1395oo and 42 CFR §§ 405.1835, 405.1841, and on behalf of Lyric Health Care LLC, the parent company for the Provider, HSH-El Paso (Medicare Provider No. 45-2035), we are hereby requesting a Board Hearing with respect to the adjustments made by the Revised Notice of Program Reimbursement issued by email dated October 6, 2006, from Jeannine R. Lesperance, an attorney with the Civil Division of the U.S. Department of Justice (copy attached as Exhibit A). We have enclosed the Letter of Representation from Lyric Health Care LLC appointing our Firm as their Legal Representative in this matter.

The amount at issue in this Request for Board Hearing is the entire amount of the allegedly unpaid overpayment of $114,411, which satisfies the jurisdictional amount required for a Board Hearing pursuant to 42 U.S.C. § 1395oo(a)(2), and which the email claims in the spreadsheet attachment is related to a prior determination of March 29, 2000. We are requesting a Board Hearing on this alleged overpayment. We believe that the revised notice is contrary to law, untimely, not supported by substantial evidence, and inconsistent with the prior proceedings related to this fiscal period. We believe that effective CMS policy required this alleged overpayment to have been collected in 2000 and therefore that the current demand is duplicative and constitutes a new revised determination subject to the jurisdiction of the Board.

44

Chairman, Provider Reimbursement Review Board
RE:    REQUEST FOR BOARD HEARING
               REVISED NOTICE OF PROGRAM REIMBURSEMENT
               HSH-EL PASO (Provider No. 45-2035)
               Fiscal Period Ending December 31, 1997
Our Matter No. 131-06
April 4, 2007
Page Two


A copy of this Request for Board Hearing is also being sent on this same date to the PRRB
Appeals Coordinator, Blue Cross Blue Shield Association, 225 North Michigan Avenue,
Chicago, IL 60611; and to David Barsam, TrailBlazer Health Enterprises, LLC, Medicare Part A
Operations, P.O. Box 660263, Dallas, TX 75266-0263.


        Thank you for your time and attention to this matter. Should you have any questions
concerning this matter, please do not hesitate to contact our offices.


                              Respectfully submitted,

                              CAPOZZI & ASSOCIATES, P.C.



                              Donald R. Reavey, Esquire



Attachments.
cc:      Lamar Hopkins
         David Barsam (TrailBlazer)
         PRRB Appeals Coordinator (BCBSA)

45

**Bruce Baron**

| | |
|---|---|
| **From:** | Jeannine.Lesperance@usdoj.gov |
| **Sent:** | Friday, October 06, 2006 3:49 PM |
| **To:** | Don Reavey |
| **Subject:** | overpayments for 1997 |



452035.xls (16 KB)

       attached is a spreadsheet (excel) which shows the total overpayments for 1997
for HSH el-paso, which were collected and which remain outstanding, including the effect
of the prrb settlement.

we think that there was a 12/31/97 cost year and a 3/31/97 cost year because of the change
of ownership from horizon, which would have led them to file a terminating cost report
(probably the 12/31/97) and then the provider also filed its ordinary end of fiscal year
cost report 3/31/97 earlier in the year.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email



EXHIBIT
" A "

46

## 45-2035

| FYE | OVER/UNDERPAYMENT TYPE | OVER/UNDERPAYMENT AMOUNT | DETERM DATE | Balance 10/5/06 | |
|---|---|---|---|---|---|
| 3/31/1997 | TENTATIVE SETTLEMENT | ($154,825.00) | 12/12/1997 | $ - | FULLY COLLECTED BY CHECK #1053482 (per ARAP) |
| | FINAL SETTLEMENT | ($3,512.00) | 8/6/1999 | $ - | FULLY COLLECTED BY CHECK #1292219 (per ARAP) |
| | AMENDED FINAL SETTLEMENT | ($63,565.00) | 5/16/2006 | $ (9,873.00) | CURRENT HIGLAS BALANCE $9,873.00 (partially collected by offset from 3/31/97 2nd am |
| | 2ND AMENDED FINAL SETTLEMENT | $53,692.00 | 8/1/2006 | $ - | OFFSET TO 1ST AMENDED FINAL SETTLEMENT (HIGLAS TRX # 400000003605) ON ｛ |
| 12/31/1997 | INITIAL COST REPORT | ($471,262.00) | 11/10/1998 | $ - | FULLY COLLECTED BY CHECK #111216 & CLAIMS WITHHOLDINGS (per ARAP) |
| | FINAL SETTLEMENT | ($114,411.00) | 3/29/2000 | $ (114,411.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #040411452035CN) |
| | AMENDED FINAL SETTLEMENT | ($67,030.00) | 6/13/2006 | $ (67,030.00) | FULL BALANCE CURRENTLY OUTSTANDING (HIGLAS TRX #400000003520) |



Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Michael B. Volk, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Esquire

Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
   * (licensed in PA, NJ and MD)

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
      Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

Capozzi & Associates, P.C.
Attorneys at Law

January 11, 2007

Florence Ng
TrailBlazer Health Enterprises LLC
Executive Center III
8330 LBJ Freeway
Dallas, TX 75243                    BY FAX TO 469-372-7651 AND CERTIFIED U.S MAIL

RE:    REQUESTS FOR DISCOVERY
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
              And March 31, 1995
       PRRB Case Nos. 07-0442, 07-0443, 07-0445, and 07-0446
       Our Matter Nos. 728-06, 729-06, 730-06 and 731-06

Dear Ms. Ng:

       Pursuant to PRRB Board Instructions relating to Pre-Hearing Discovery, this
correspondence requests Production of Documents and Items and additional information in these
four (4) Revised NPR Reopening appeals.  Please provide the requested documents within thirty
(30) days as directed by the PRRB instruction.  Copies of the following Documents and Items
and other information are to be delivered to the Provider's Legal Representative, Donald R.
Reavey, Esquire, at Capozzi & Associates, P.C., 2933 North Front Street, Harrisburg, PA 17110-
1250:

   1.  Each as filed cost report and related home office cost report submitted by or on
       behalf of HSH-El Paso for each of the four (4) fiscal periods involved: FYE
       3/31/1995, FYE 3/31/1996, FYE 3/31/1997, and FPE 12/31/1997.

   2.  Each original audit report issued to HSH-El Pas for each of the four (4) fiscal periods
       noted above.

   3.  Each amended audit report issued to HSH-El Paso for any of the above four (4) fiscal
       periods noted above.

## RECEIVED

JAN 1 6 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

48

Florence Ng
RE:    REQUESTS FOR DISCOVERY
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
           And March 31, 1995
       PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Two

4.  Each amended or revised home office audit report issued that is related to the
    Medicare Program's revised notice of program reimbursement issued to HSH-El Paso
    for any of the four (4) fiscal periods involved, including all schedules of adjustments,
    workpapers and related documentation or schedules of documents supporting each
    such amended or revised home office audit report and all copies of documents
    obtained or received from the Provider or the Home Office, other than the costs
    reports, that were used, reviewed, relied on, or otherwise compiled as part of the
    reopened home office audit that became the basis for the revised notices of program
    reimbursement involved in these matters.

5.  Each original home office audit report issued that is related to the Medicare
    Program's original audit reports issued to HSH-EL Paso for any of the four (4) fiscal
    periods noted above.

6.  Each notice of intent to reopen identified in the revised notices of reimbursement
    issued to HSH-El Paso for any of the four (4) fiscal periods identified above,
    including the date that each was actually mailed and the identification of to whom
    each was mailed.

7.  Copies of all documents that identify whether any of the fiscal periods involved in
    these appeals (PRRB Case Nos. 07-0442. –7-0443, 07-0445, -7-0446) are also
    involved in any appeals before the PRRB that are currently open or in any appeals
    before the PRRB that have been closed or settled, including all documents of any
    such settlements or that described the terms of settlement agreed to and the
    individuals who agreed to the settlement on behalf of the Intermediary or HSH-El
    Paso, including any pending group appeals.

8.  All E-Mails and/or documents of discussions with HSH-El Paso staff concerning
    resolution or settlement of Medicare Program concerns related to the Home Office
    Audit(s), including any E-Mails and/or documents of discussion resolving such
    concerns prior to the date(s) on which the revised notices of program reimbursement
    were issued.

49

Florence Ng
RE:    REQUESTS FOR DISCOVERY
          REVISED NOTICE OF PROGRAM REIMBURSEMENT
          HSH-EL PASO (Provider No. 45-2035)
          Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
              And March 31, 1995
          PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Three

9.  Workpapers for the computation of the amount of the overpayment the Medicare
    Program claims is due from HSH-El Paso for each of the fiscal years involved in the
    above-noted matters or for any other fiscal period as a result of revised home office
    audits issued after 2004 by the Medicare Program.

10. Documents that Identify all other Medicare Providers, other than HSH-El Paso,
    owned by Lyric Healthcare LLC, by Lyric Healthcare Holdings, III, Inc., or by I.H.S.
    Acquisition No. 171, Inc., or by any other subsidiary of Lyric Healthcare LLC whose
    Medicare audited costs are or may be affected as a result of revised home office
    audits issued after 2004 by the Medicare Program.

11. The revised notices of program reimbursement involved in each of these cases.

12. The full name and present work address of each auditor, supervisor, or manager
    working for the Intermediary, whose name, handwriting or initials are contained in
    any of the audit reports, revised audit reports, home office audit reports, revised home
    office audit reports, workpapers, or other documents requested above.

13. Any and all documents or E-Mails evidencing the fiscal intermediary's decision to re-
    open the cost reports at issue in the above referenced matters.

AS PERMITTED BY FEDERAL RULE OF CIVIL PROCEDURE 26(e) AND PRRB
BOARD INSTRUCTIONS, THIS REQUEST FOR DISCOVERY IS CONTINUING
AND SUBJECT TO A DUTY TO SUPPLEMENT AND/OR SEASONABLY AMEND
ANY RESPONSE WITH LATER DISCOVERED, LATER FOUND DOCUMENTS OR
INFORMATION, OR CORRECTED INFORMATION.

We would appreciate your cooperation on a voluntary basis with our information
requests; however, this request is being sent as a formal Discovery request to assure
timely completion.

Please call me directly with any questions or concerns you have about this Discovery
request (717-233-4101) or email them to me at: donr@capozziassociates.com.

50

Florence Ng
RE:    REQUESTS FOR DISCOVERY
        REVISED NOTICE OF PROGRAM REIMBURSEMENT
        HSH-EL PASO (Provider No. 45-2035)
        Fiscal Periods Ending December 31, 1997, March 31, 1997, March 31, 1996,
            And March 31, 1995
        PRRB Case Nos. 07-0442, 07-0443, 07-0445, and –7-0446
Our Matter Nos. 728-06, 729-06, 730-06 and 731-06
January 11, 2007
Page Four


                Thank you for your assistance with this Discovery Request.

                        Very truly yours,

                        CAPOZZI & ASSOCIATES, P.C.



                        Donald R. Reavey, Esquire
                        [Provider's Legal Representative]


    cc:    Timothy Trybus
           PRRB



RECEIVED

JAN 1 6 2007

PROVIDER REIMBURSEMENT
REVIEW BOARD

51



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671                    FAX: 410-786-5298

Suzanne Cochran, Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

**CERTIFIED MAIL**

DEC 1 8 2006

Capozzi and Associates, P.C.
Donald R. Reavey, Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE:   Acknowledgement and Critical Due Dates
      Case Number: 07-0442
      Date Filed: 12/5/2006
      Provider Name: Horizon Specialty Hospital El Paso
      Provider Number: 45-2035
      Appealed Year – FYE: 12/31/1997

The Provider Reimbursement Review Board ("Board") has received your request for a hearing. You will need to obtain a copy of the Board's instructions which are located on the Board's web site at http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp. If internet access is not available to you, you may call the Board at (410) 786-2671 and request that a copy be mailed to you.

You must reference the case number and provider information on all correspondence with the Board. If any of the above information is incorrect, you must inform the Board, in writing, within 30 days of this letter.

DUE DATES

**1st of April 2007**
Provider's Preliminary Position Papers due to Intermediary (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of June 2007**
Intermediary's Preliminary Position Papers due to Provider (with letter to the Board certifying that preliminary position paper due date has been met and copy of the first page only of the preliminary position paper).

**1st of August 2007**
Final position papers due to the Board from both Parties.

Page 2

DISMISSALS

You are responsible for pursuing your appeal in accordance with the Board's procedures, which are outlined in the Board's Instructions. You must file your position papers, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. If you miss any of your due dates including meeting either position paper due date, the Board will dismiss your appeal. The Board will not send a due date reminder. If the Intermediary fails to meet its deadlines, the Board will contact the Centers for Medicare and Medicaid Services (CMS) about contract compliance and will schedule a hearing date.

TENTATIVE HEARING DATE

**December 2007:** Tentative month and year of hearing.

The Board will send you a Notice of Board Hearing to notify you of the specific time, date and location of the hearing. The Notice of Hearing will be issued at least 30 days prior to the actual hearing date.

OPTIONS

You may make a written request, at any time, that:
    Your month of hearing be rescheduled to an earlier month;
    Your case be heard based on the submitted record;
    Your case be conducted by video or teleconference;
    Your case be resolved through alternative dispute resolution/mediation;
    Your case be reviewed in a pre-hearing conference with a Board member.

If you request any of these options, you must continue to meet with the due dates set forth in this letter until you are advised regarding your request by the Board.

Steven R. Kirsh, Director
Division of Jurisdiction & Case Management

cc:   Trailblazer Health Enterprises, LLC
      Cynthia Potter
      Manager, Cost Report Appeals
      Medicare Part A Audit & Reimbursement
      P.O. Box 660263
      Dallas, TX 75266

      Wilson C. Leong
      BC & BS Association
      225 North Michigan Avenue
      Chicago, IL  60601-7680

53



Louis J. Capozzi, Jr., Esquire *
Daniel K. Natirboff, Esqu[i]re
Donald R. Reavey, Esquire
Doreena C. Sloan, Esquire
Michael B. Volk, Esquire
Brian K. Zellner, Esquire
Bruce G. Baron, Research Coordinator
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
  * (licensed in PA, NJ and MD)

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Victor J. Bierman[1], III Esq.
Dennis A. Roth[1], Esq.
Vincent E. Fisher[2], Esq.
Craig I. Adler, Esq.
Of Counsel

1 Licensed in Ohio
2 Licensed in OH, PA, FL

December 5, 2006

Chairman, Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670                    BY CERTIFIED U.S. MAIL

RE:    REQUEST FOR BOARD HEARING
       REVISED NOTICE OF PROGRAM REIMBURSEMENT
       HSH-EL PASO (Provider No. 45-2035)
       Fiscal Period Ending December 31, 1997
       Our Matter No. 143-05

Dear Mr. Chairman:

        Pursuant to 42 U.S.C. § 1395oo and 42 CFR §§ 405.1835, 405.1841, and on behalf of
Lyric Health Care LLC, the parent company for the Provider, HSH-El Paso (Medicare Provider
No. 45-2035), we are hereby requesting a Board Hearing with respect to the adjustments made
by the Revised Notice of Program Reimbursement issued on June 13, 2006 (copy attached as
Exhibit A).  We have enclosed the Letter of Representation from Lyric Health Care LLC
appointing our Firm as their Legal Representative in this matter.

        The amount at issue in this Request for Board Hearing is the entire amount of the
adjustments made - $67,030 – which satisfies the jurisdictional amount required for a Board
Hearing pursuant to 42 U.S.C. § 1395oo(a)(2).    We are requesting a Board Hearing as to each
of the adjustments.  A copy of the audit adjustment report, as provided by the Intermediary in
draft form, is attached and incorporated by reference as Exhibit B.  The adjustments all relate to
adjustments of the audited cost report to agree with alleged audit findings on the audited home
office cost report.  We believe that these adjustments are contrary to law, untimely, not
supported by substantial evidence, and inconsistent with the prior proceedings related to this
fiscal period.

54

Chairman, Provider Reimbursement Review Board
RE:    REQUEST FOR BOARD HEARING
        REVISED NOTICE OF PROGRAM REIMBURSEMENT
        HSH-EL PASO (Provider No. 45-2035)
        Fiscal Period Ending December 31, 1997
Our Matter No. 143-05
December 5, 2006
Page Two


        A copy of this Request for Board Hearing is also being sent on this same date to the
PRRB Appeals Coordinator, Blue Cross Blue Shield Association, 225 North Michigan Avenue,
Chicago, IL 60611; and, to Florence Ng, Home Office Team Director, Provider Audit &
Reimbursement Division, TrailBlazer Health Enterprises, LLC, P.O. Box 660263, Dallas, Texas
75266-0263.

        Please let me know if you require anything further.

        Best wishes to you and your staff for this Holiday Season and throughout the New Year.

                            Respectfully submitted,

                            CAPOZZI & ASSOCIATES, P.C.


                            Donald R. Reavey, Esquire


Attachments.
cc:    Lamar Hopkins
        Florence Ng (TrailBlazer)
        PRRB Appeals Coordinator (BCBSA)

# LYRIC HEALTH CARE, LLC

December 1, 2006

Steven R. Kirsh, Director
Jurisdiction and Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD  21244-2670

       RE:    Letter of Representation
               Revised Notice of Program Reimbursement
               FYE: December 31, 1997
               Horizon Specialty Hospital – El Paso
               Provider No. 45-2035

Dear Mr. Kirsh:

Please consider this as our Letter of Representation for HSH-El Paso's appeal relating to the Revised Notice of Program Reimbursement.

We hereby appoint Capozzi and Associates, P.C., as our official representative for the above referenced appeal, and specifically Donald R. Reavey, Esquire, of that Firm.

If you have any questions, please contact me.

Very truly yours,

Lamar Hopkins,
Director of Reimbursment

cc:    Donald R. Reavey, Esquire
       Capozzi and Associates, P.C.

*7150 Columbia Gateway Dr Suite J  Columbia, Maryland 21046*

56

**CMS/**

CENTERS for MEDICARE & MEDICAID SERVICES

June 13, 2006

452035;675106

Mr. Mitchell Rossi, Director of Reimbursement
Horizon Specialty Hospital El Paso
910 Ridgebrook Road
Sparks, MD 21152

SUBJECT:       MEDICARE COST REPORT
                    YEAR OR PERIOD ENDING 12/31/97
                    NOTICE OF PROGRAM REIMBURSEMENT 03/29/00
                    DATE OF NOTICE OF REOPENING 02/05/03

Dear Mr. Rossi:

In accordance with 42 CFR 405.1803, this is your Revised Notice of Medicare Program
Reimbursement (RNPR) for the fiscal year referenced above.

Please be informed that the Intermediary Determination communicated by this RNPR may be
revised in accordance with 42 CFR 405.1885.

The adjustments to this cost report which produce a difference between the Intermediary's
determination and your initial cost report are explained on the attached adjustment report. If you
have any questions concerning the nature of these adjustments and the reasons for them, please
contact this office.

If this RNPR results in an amount due the program, a separate billing letter will be sent. If you
are unable to refund the full amount within the date specified in the billing letter, you may
request that we consider a repayment plan by submitting the required data and documentation. If
we do not receive full payment or approve a repayment plan by the due date, we must reduce or
suspend your Medicare payments until the overpayment is recovered or we approve a repayment
plan. The overpayment must be repaid in this manner regardless of any plans to appeal the
adjustments. Payment of this amount will not affect your appeal rights.

Notice of Interest: In accordance with the Social Security Act Section 1815(d) (42 U.S.C. 1395g)
and 1833(j) (42 U.S.C. 13951), interest will be assessed on an overpayment unless payment is
received by the due date. Interest will be assessed for each full 30-day period that full payment
has not been recovered as is stated in 42 CFR 405.378ff. If an overpayment is repaid in
installments, each payment received will be applied first to accrued interest and then to the
principal.

**TrailBlazer Health Enterprises, LLC** ℠
Medicare Part A Audit & Reimbursement • P.O. Box 660263 • Dallas, Texas 75266-0263
Executive Center III • 8330 LBJ Freeway • Dallas, Texas • 75243-1213
*A CMS Contracted Intermediary and Carrier*

Exhibit A

57

<u>Right to Appeal</u>: You have 180 days from the date of the Notice of Program Reimbursement to formally file an appeal request in writing. We urge you to discuss any questions you may have concerning adjustments to your cost report with this office.

If you disagree with the cost report adjustments which have been made by this office, you have the right to appeal those adjustments. To be acceptable, a request to appeal must: 1) be in writing, 2) specify the individual adjustment items and amounts to which you take exception, 3) state the reasons supporting your position, and 4) cite the Regulations and Manual sections upon which you base your objections. With your request you should also include a copy of the NPR, the adjusted cost report, and the entire adjustment report.

If you disagree with items aggregating $10,000 or more in program reimbursement, your appeal is to the Provider Reimbursement Review Board (PRRB) and your request should be directed in writing to the following address, <u>with a copy to our office</u>, and to the PRRB Coordinator at Blue Cross Blue Shield Association, whose addresses are shown below:

| | |
|---|---|
| Chairman | PRRB Appeals Coordinator |
| Provider Reimbursement Review Board | Blue Cross Blue Shield Association |
| 2520 Lord Baltimore Drive, Suite L | 225 North Michigan Ave. |
| Baltimore, MD 21244-2670 | Chicago, IL 60611 |

For filing information, you may call (410) 786-2671.

Any appeal brought before the PRRB by providers that are under common ownership or control must be filed as a group appeal with respect to any matters involving an issue common to the provider and for which the amount in controversy is in the aggregate, $50,000 or more.

If you disagree with the adjustments aggregating at least $1,000 but less than $10,000, your appeal is to Blue Cross Blue Shield Association (BCBSA) under its Medicare Provider Appeals Procedures and your appeal request should be directed in writing to the following address with a copy to our office.

Intermediary Hearing Officer
Medicare Operations Prime Contract
Blue Cross Blue Shield Association
225 North Michigan Ave.
Chicago, IL 60601

For filing information, you may call Joan Baker at (312) 297-5836. Appeal information and procedures are available on the CMS website at http://www.cms.hhs.gov/providers/prrb/prrb.asp.

If there is a net amount due your facility, our check will be mailed separately to the address where your claim payments are received. The remittance advice will read 'Settlement'. If there is a net amount due the program, your check for the full amount due should be sent immediately. Make your check payable to TrailBlazer Health Enterprises, LLC <sup>SM</sup> and send it to my attention.

Sincerely,

Florence Ng
Home Office Team Director
Provider Audit & Reimbursement Division

FN:bjj

Enclosure

c:  Reopening Coordinator       RPN Control#010836, RPN Code#H
    Files
    SRS

59

PROVIDER NO. : 45-20³⁵
PROVIDER NAME: HORT    SPECIALTY HOSPITAL-EL PASO

PREPARED : 6/ 5/2006
FYE : 12/31/1997

SCHEDULE FOR NPR PURPOSES COMPARING INTERMEDIARY'S DETERMINATION TO THE CORRECTED INTERMEDIARY DETERMINATION AMOUNTS:
CMS-2552-96 - REOPENING SETTLEMENT

| COMPONENT | INTERMEDIARY'S DETERMINATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | PART A | | | PART B | | | TOTAL | | |
| | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT | PREVIOUS | CORRECTED | ADJUST-MENT |
| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| HOSPITAL | -70877 | -102566 | -31689 | 0 | 0 | 0 | -70877 | -102566 | -31689 |
| HOSPITAL-BASED SNF | -546549 | -575181 | -28632 | 31753 | 25044 | -6709 | -514796 | -550137 | -35341 |
| TOTAL | -617426 | -677747 | -60321 | 31753 | 25044 | -6709 | -585673 | -652703 | -67030 |

60

05/09/2006  11:49     4693727651                    MEDICARE PART A                        PAGE  02/06



**MEDICARE**

Part A Intermediary
Part B Carrier

May 9, 2006

Provider #: 45-2035          FYE: 12/31/97          Control#:          RPN-010836

Mr. Lamar Hopkins, Dir of Accounting & Reimb
Lyric Healthcare
7150 Columbia Drive, Suite J
Columbia, MD 21046

RE:  Reopening Adjustment Report

Dear Mr. Hopkins:

We have received the above fiscal year reopening request for the FYE 12/31/97.  Enclosed is a copy of
the adjustments developed during our review as well as the associated workpapers.  Please review the
enclosed audit adjustments and respond no later than May 19, 2006 with any concerns or questions.

Should you have any questions concerning the adjustments, please call me at (469) 372-7004.

Sincerely,

Mary McCray
Mary McCray
Reopening Auditor
Medicare Cost Report Reopenings
Audit & Reimbursement Division


cc:      Reopening File


**TrailBlazer Health Enterprises, LLC**<sup>SM</sup>

Medicare Part A Audit & Reimbursement · P.O. Box 650263 · Dallas, Texas 76265-0263
8330 LBJ Freeway · Executive Center III · Dallas, TX 75243-1213

*A CMS Contracted Intermediary and Carrier*

**ISO** CERTIFIED

61

Exhibit B

05/09/2006  11:49  4693727651          MEDICARE PART A                  PAGE  03/06

MM 4/27/06

| PROVIDER NAME | Horizon Specialty Hosp. El Paso |
|---|---|
| PROVIDER NO. | 45-2035 |
| FYE: | 12/31/1997 |

**PURPOSE:**    To determine if the Audit Cost Report needs to be reopened to incorporate the Audited Home Office Costs

**SCOPE:**    Compare Home Office Costs Per ACR to AHOCR

**SOURCE:**    Audited Cost Report W/S A-8-1
Audited Home Office Cost Report

**CTL #**    RPN-010836

**HOT #**    30

W/S A-8-1

| Line # | Column# | Description | Per ACR | Per AHOCR | Ref. | Variance |
|---|---|---|---|---|---|---|
| 1 | 4 | A&G | 244,957 | 253,717 | | 8760 |
| 2 | 4 | new Cap Costs - Bldg | 9,971 | 10,332 | | 361 |
| 3 | 4 | New Cap Costs - MME | 10,997 | 12,226 | | 1229 |
| 4 | 4 | A&G  HO - SNF | 177,854 | | | -177854 |
| 4.01 | 4 | New Cap Cost Bldg - HO SNF | 6,327 | | | -6327 |
| 4.02 | 4 | New Cap Costs-Maj Mov | 8,463 | | | -8463 |
| | | | | | | 0 |
| 5 | 4 | Totals | 458,559 | 276,275 | | -182294 |

**From Audited    (Home Office Cost Report) HO9753**
**FYE 5/31/97**

| | New Capital B&F | New Capital MME | Interest | Non-Capital | Total |
|---|---|---|---|---|---|
| Direct | | | | | - |
| Functional | | | | | - |
| Pooled | 2,002 | 2,208 | | 49,179 | 53,389 |
| Total | 2,002 | 2,208 | - | 49,179 | 53,389 |

**From Audited    (Home Office Cost Report) HO9753**
**FYE 12/31/97**

| | New Capital Bldg | New Capital MME | Interest | Ref. | Non-Capital | Total |
|---|---|---|---|---|---|---|
| Direct | | | | | | - |
| Functional | | | | | | - |
| Pooled | 8,330 | 10,018 | | | 204,538 | 222,886 |
| Total | 8,330 | 10,018 | - | | 204,538 | 222,886 |

**To review the direct assigned capital on W/S E, Part III**
W/S E, Part III

| Line # | Column# | Description | Per ACR | Per AHOCR | Ref. | Variance |
|---|---|---|---|---|---|---|
| 6 | 0 | A&G - Dir Assigned Capital | | | a,b,c | 0 |

Policy Manual V-6, 3/05

w/p  R-1-H-1

**ANALYSIS TO DETERMINE THE EFFECT OF ADJUSTMENT(S)**

| | Reference | PART A | PART B |
|---|---|---|---|
| PER ACR | w/p R-1-H-1 | (617,426) | 31,753 |
| ADJUSTED ACR | w/p R-1-H-1 | (677,747) | 25,044 |
| EFFECT | | $ (60,321.00) | $ (6,709.00) |

EFFECT OF ADJUSTMENTS ·       (S67,030)    >$3,000

NO. OF BEDS    ~~████~~ *P7*
THRESHOLD       $3,000

CONCLUSION:    BASED ON THE ABOVE REVIEW THE EFFECT OF THE
ADJUSTMENTS IS MATERIAL THUS A REOPENING
IS NECESSARY. *Mm 4/27/06*

CMS PUB 15-1 SEC 2150

w/p **R-1-H-1**